STOKER, Judge.
Defendant pleaded guilty to one count of theft of goods having a value between $100 and $500, a violation of LSA-R.S. 14:67, pursuant to a plea bargain in which the State agreed not to oppose probation. Defendant was sentenced to imprisonment for one year at hard labor. Defendant appeals, contending her sentence is excessive and that the trial court failed to comply with the sentencing guidelines in LSA-C.Cr.P. Art. 894.1. We affirm.
FACTS
Just after noon on August 30, 1988, loss prevention agents working for Sears stopped defendant and an accomplice just as they exited the Sears store in Alexandria with a bag of unpaid merchandise. When the Sears security personnel identified themselves, defendant’s accomplice threw down a bag of merchandise and fled; defendant was apprehended. Four pairs of boy’s blue jeans, having a value of $108.95 were recovered and returned to Sears.
OPINION
Defendant contends on appeal that her sentence is excessive. Defendant was exposed to a sentencing range of up to two years at hard labor and a fine of up to $2000. Defendant’s sentence of one year at hard labor is well within the statutory guidelines.
However, the fact that the trial court articulated few reasons for imposing the sentence raises the question of whether there was a violation of LSA-C.Cr.P. Art. 894.1.
In State v. Dugas, 527 So.2d 610 (La. App. 3d Cir.), writ denied, 533 So.2d 15 (La.1988), this court discussed the purpose of compliance with C.Cr.P. Art. 894.1 as follows:
The purpose of La.C.Cr.P. Art. 894.1 is to facilitate appellate review of the possible overstepping of the trial court’s discretion in sentencing. Failure to fully comply with Art. 894.1 does not necessarily mandate a finding that the sentence is invalid. State v. Davis, 448 So.2d 645 (La.1984); State v. Wimberly, 414 So.2d 666 (La.1982). In Wimberly, supra at page 672, the Louisiana Supreme Court stated:
“In those cases in which we have vacated the sentence and remanded the case for resentencing in full, recorded compliance with Article 894.1, our action was not prompted simply by the sentencing judge’s failure to give his reasons for the penalty imposed. Rather, it was because, based on the inadequate record presented to us, there appeared to be a substantial possibility that the defendant’s complaints of an excessive sentence had merit. In each case, pursuant to our duty to uphold the constitution, which expressly prohibits the imposition by law of excessive punishment, we vacated the sentence and remanded the case for resentencing on an adequate record, including strict compliance with Article 894.1”.
Where the record reflects an adequate basis for the sentence imposed, remand for further elucidation of reasons for sentence by the trial court is unnecessary. State v. Lanclos, 419 So.2d 475 (La.1982).
527 So.2d at 612.
In the case before us, the trial judge considered the mitigating factor that defendant was a first felony offender and had grandchildren and a sick mother at home who needed her help. The trial judge further considered the fact that defendant apparently did not consider the effects of her crime on her family before she committed it. The State raised the point that defendant violated her bail bond twice prior to sentencing. We also note that the sentencing judge did have a presentence investigation report before him.
Under the circumstances, we find that the sentence is not excessive, even though the trial court’s compliance with the sentencing guidelines of LSA-C.Cr.P. Art. 894.1 was minimal. The record reflects an adequate basis for the sentence imposed.
*331 CONCLUSION
For the reasons given, the sentence imposed by the trial court is affirmed.
AFFIRMED.
KNOLL, J., dissents and assigns written reasons.