I,WILLIAMS, Judge.
The defendant, Sean Belcher, was charged by bill of information with attempted simple kidnapping, a violation of LSA-R.S. 14:45 and 14:27. After a bench trial, the defendant was found guilty as charged. He was sentenced to serve eighteen months at hard labor. The sentence was suspended, and the defendant was placed on supervised probation for a period of eighteen months.[1] The defendant’s motions for new trial and post-verdict judgment of acquittal were denied. The defendant appeals.
FACTS
The defendant was employed at Signs at Work located on Youree Drive in Shreveport, Louisiana. On the afternoon of September 16, 1998, the defendant’s manager, Clayton Davis, allowed the defendant to leave work early on the condition that the defendant would run several errands in the Broadmoor neighborhood.
When the defendant arrived in the Broadmoor neighborhood, the victim’s school bus was in the area dropping off students. The victim, R.B., testified that the bus let her off at her bus stop, which was approximately one and one-half blocks from her residence.
The witnesses offered conflicting testimony regarding the conversation that took place between the defendant and R.B. According to R.B., the defendant stopped his truck on the street adjacent to her and asked for directions to Youree Drive. According to R.B., after she gave the | ¡.,defendant directions, he asked for the same directions approximately eight additional times. The victim testified that the defendant stated, “The woman down the street said to ask the little girl down the street how to get to Youree.”The victim further testified that she recognized the woman to be Mrs. Robin Weimer, who was walking home with her children after meeting them at the bus stop. The victim testified that she became suspicious because she did not think Mrs. Weimer would have told a strange man to ask her for directions. According to the victim, the defendant informed her that he did not understand her directions and asked her to get into his truck to show him how to get to Youree Drive. He promised her that he would then drop her off at home. The victim testified that the defendant asked her approximately three times to get into his truck, and after she continued to refuse, he offered her “a few bucks” to get into his truck. She testified the defendant was reaching in his back pocket as if he was reaching for money.
Shreveport Police Detective Gary Robinson testified that he investigated the incident. Detective Robinson testified that *265 the defendant informed him that he was driving through the Broadmoor area when he encountered a group of girls who appeared to be approximately thirteen years old. According to Detective Robinson, the defendant stated that as he passed the girls, they “hollered ..and waved at him.” The defendant stated that because he was flattered by the attention, he turned around and drove back to “flirt” with the girls. However, when he returned, all of those girls were gone and the victim was the only person there. Detective Robinson testified that the defendant stated that he encountered the victim | .¡walking on the sidewalk and he thought it would be a challenge if he could get her into the vehicle with him for a “joyride.” Detective Robinson testified that when he inquired regarding the defendant’s reason for trying to get the victim into his vehicle, the defendant responded that it was “nothing sexual.” According to Detective Robinson, the defendant also stated that there were “other circumstances” surrounding his desire to get the victim into his vehicle; however, he did not explain the “other circumstances.” Detective Robinson testified the defendant stated that he felt bad after discovering that the victim was a graduate of the DARE program and offered her money and a coke.
The defendant testified at the trial. He stated that after completing his errands in the Broadmoor neighborhood, he decided to visit a friend who lived in the area. The defendant testified that he became lost and made several attempts to find his way out of the area before he encountered the victim. According to the defendant, he stopped his vehicle in the street, with the engine running, and asked the victim to direct him to Kings Highway, not Youree Drive as the victim testified. The defendant testified that although he resided on East Kings Highway at the time of the incident, he was not familiar with the route to Kings Highway from the Broadmoor area. The defendant denied either asking the victim to get into his vehicle or offering her anything in an effort to entice her into his vehicle. He also denied telling Detective Robinson that he had attempted to entice the victim into his vehicle to go “joyriding.”
As stated above, the defendant was found guilty of attempted simple kidnapping and sentenced to serve eighteen months at hard labor. His 1¿sentence was suspended, and he was placed on active supervised probation for a period of eighteen months. The defendant appeals.
DISCUSSION

Assignments of Error Nos. 1, 2 & S

By these assignments, the defendant contends the state failed to prove the necessary elements of the crime of attempted simple kidnapping. Specifically, the defendant argues that the state failed to prove beyond a reasonable doubt that he had an unlawful purpose in attempting to entice the victim into his truck. In respect to this argument, the defendant also challenges the trial court’s denial of his motions for a new trial and post-verdict judgment of acquittal.
When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of evidence. The reason for reviewing the sufficiency of the evidence issue first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could *266 not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347.
This court’s authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by | sthe trier of fact. LSA-Const. art. 5 § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). It is the function of the trier of fact to assess credibility and resolve conflicting testimony. In the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient support for the requisite factual conclusion. State v. White, 28,095 (La.App.2d Cir.5/8/96), 674 So.2d 1018, writ denied, 96-1459 (La.11/15/96), 682 So.2d 760, writ denied, 98-0282 (La.6/26/98), 719 So.2d 1048.
LSA-C.Cr.P. art. 821 provides that a motion for post-verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the State, does not reasonably permit a finding of guilt. This is a question of legal sufficiency. State v. Combs, 600 So.2d 751 (La.App. 2d Cir.), writ denied, 604 So.2d 973 (La.1992).
LSA-C.Cr.P. art. 851(1) provides that the court shall grant a motion for new trial whenever the verdict is contrary to the law and the evidence, i.e., the evidence was insufficient to sustain the conviction. A motion for new trial presents only the issue of the weight of the evidence. Under this article, the trial judge has wide discretion to determine the weight of the evidence. The refusal to grant such a motion is not subject to appellate review, except for error of law. State v. Mitchell, 26,070 (La.App.2d Cir.6/22/94), 639 So.2d 391, writ denied, 94-1981 (La.12/16/94), 648 So.2d 387.
LSA-R.S. 14:45(A)(2) provides in pertinent part:
A. Simple Kidnapping is:
JLü,' • • ■
(2) The intentional taking, enticing or decoying away, for an unlawful purpose, of any child not his own and under the age of fourteen years, without the consent of its parent or the person charged with its custody.
LSA-R.S. 14:27(A) and (B) define attempt as follows:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
B. Mere preparation to commit a crime shall not be sufficient to constitute an attempt; but lying in wait with a dangerous weapon with the intent to commit a crime, or searching for the intended victim with a dangerous weapon with the intent to commit a crime, shall be sufficient to constitute an attempt to commit the offense intended.
To convict the defendant of attempted simple kidnapping, the State was required to prove that the defendant intentionally attempted to take, entice or decoy the child away for an unlawful purpose, without the consent of the child’s parent.
In the instant case, after the victim left the bus at her regular stop, the defendant stopped his truck on the street and asked the victim for directions to another *267 street in the vicinity. According to the victim, the defendant attempted to convince her to get into his truck and he even offered to give her money to do so.
The fact that his intended victim did not comply with his demand does not negate the fact that the defendant attempted to commit the crime and took distinct steps toward accomplishing his object. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. The defendant’s actions of following ]7the child, approaching the child and offering her money to leave with him, without exigent circumstances, clearly are overt acts in an attempt to intentionally take, entice or decoy the child away, without parental consent.
As previously stated, the defendant argues that the state failed to establish that any “unlawful purpose” existed. The Legislature, in proscribing “taking, enticing or decoying away” of children, obviously did not intend to include in the proscription actions undertaken for a lawful purpose (such as, for example, giving children a ride to school on a rainy day), even when done without the consent of the parents. However, the State, in order to satisfy its burden of proof by sufficient evidence, need not establish the exact nature of defendant’s intent or purpose, but rather need only negate the existence of any lawful purpose. State v. Gill, 441 So.2d 1204 (La.1983).
The witnesses gave conflicting accounts of the incident. It is clear that the trial court chose to believe the testimony of the State’s witnesses. The evidence, viewed in the light most favorable to the prosecution, establishes the absence of any lawful purpose for defendant enticing the victim into his vehicle. The evidence presented at trial was sufficient for a rational trier of fact to conclude that the defendant committed the crime of attempted simple kidnapping. These assignments of error are without merit.

Assignments of Error Nos. h & 5

By these assignments, the defendant argues that the trial court erred in failing to adequately comply with the provisions of LSA-C.Cr.P. art. 894.1 and in imposing an excessive sentence.
The test imposed by the reviewing court in determining the | Sexcessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of Article 894.1, not a rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with Article 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La. App.2d Cir.4/2/97), 691 So.2d 864. Also, there is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392.
A sentence violates La. Const, art. 1 § 20 if it is grossly out of proportion to the seriousness of the offense or nothing *268 more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks our sense of justice. State v. Hogan, 480 So.2d 288 (La.1985).
IqA trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 346.
In the present case, the trial court imposed a suspended sentence. A trial court is not required to impose a suspended sentence or probation for a first felony offense. The judge may consider whatever factors and evidence he or she deems important to a determination of the best interest of the public and the defendant. State v. Bradford, supra; State v. Woodman, 28,004, (La.App.2d Cir.1/24/96), 666 So.2d 1255, writ denied, 96-0489 (La.5/3/96), 672 So.2d 696.
The defendant was convicted of attempted simple kidnapping of an eleven-year-old girl. He faced a maximum sentence of two and one-half years at hard labor. In sentencing the defendant, the trial court considered the fact that the defendant was a first felony offender. The court also had available a presentence investigation report (“PSI”) and letters of support from the defendant’s family and friends. The record indicates that the trial court adequately considered the criteria set forth in Article 894.1. The sentence imposed by the trial court for this serious offense does not shock our sense of justice. These assignments of error are without merit.
CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The defendant originally appealed his conviction and sentence in State v. Sean Belcher, 33,920 (La.App.2d Cir.5/12/00), 767 So.2d 976. Because the trial court failed to rule on the defendant’s pending motions for new trial and post-verdict judgment of acquittal before sentencing him, this court vacated the sentence and remanded the matter to the trial court to hear those motions. On remand, the trial court denied defendant’s motions for new trial and post-verdict judgment of acquittal and resentenced the defendant to the original sentence imposed.