792 So.2d 156 (2001)
STATE of Louisiana
v.
Milton J. BALSER.
No. 01-KA-317.
Court of Appeal of Louisiana, Fifth Circuit.
July 30, 2001.
*157 Paul D. Connick, District Attorney, Terry Boudreaux, Alison Wallis, Assistant District Attorneys, Counsels for State.
Bruce G. Whittaker, New Orleans, LA, Counsel for appellant.
Court composed of Judges EDWARD A. DUFRESNE, Jr., SOL GOTHARD and CLARENCE E. McMANUS.
McMANUS, Judge.
On appeal, the Defendant challenges the sentence imposed for his conviction of purse snatching, a violation of LSA-R.S. 14:65.1. The trial court adjudicated Defendant to be a second felony offender, and sentenced him to thirty-six (36) years at hard labor. For the reasons set forth below, we affirm.

STATEMENT OF THE CASE
The Defendant was charged with purse snatching, in violation of LSA-R.S. 14:65.1. On June 21 and 22, 1995, the Defendant was tried by a jury and found guilty as charged. He was sentenced to serve eighteen (18) years at hard labor. The state subsequently filed a habitual offender bill of information, alleging Defendant to be a second felony offender. After a hearing on March 7, 1996, the trial court adjudicated Defendant a habitual offender. The trial court vacated the original sentence and imposed an enhanced sentence of thirty-six (36) years at hard labor.
This is Defendant's second appeal in this case. In his first appeal to this Court, Defendant complained that his habitual offender sentence was excessive, and that the trial court had failed to inform him of the time limitation for filing an application for post-conviction relief under LSA-C.Cr.P. art. 930.8. See, State v. Balser, 96-443, p. 3 (La.App. 5 Cir. 11/14/96), 694 So.2d 351, 353. This Court affirmed Defendant's conviction, but recognized, sua sponte, that the state had provided insufficient evidence at the habitual offender hearing to prove the cleansing period under LSA-R.S. 15:529.1. This Court ordered Defendant's habitual offender sentence vacated, and remanded the case to the trial court for a new habitual offender hearing.
A rehearing on the habitual offender bill was held on July 13, 2000. The trial court again found Defendant to be a second felony offender, and re-sentenced him that day to a term of thirty-six (36) years imprisonment at hard labor without benefit of probation, suspension of sentence, or "good time."

FACTS
On January 7, 1995, Mollie Mitchell arrived at the Schwegmann Supermarket on Veterans Boulevard in Metairie, accompanied by her husband, Jack Mitchell, and their three daughters. Mr. Mitchell parked their vehicle in the store parking lot, and Mrs. Mitchell exited with their six-year-old twins. Mrs. Mitchell and the two older girls then walked toward the store as Mr. Mitchell placed their 20-month-old daughter in a grocery cart.
When Mrs. Mitchell arrived at the store's front entrance, Defendant approached her from the front and grabbed the purse she wore on her shoulder. Mrs. Mitchell held on to the purse, and Defendant struck her and shoved her. The *158 purse strap broke, and Defendant took the purse and fled on foot. Mrs. Mitchell yelled to her husband, "Jack, he's got my purse." Mr. Mitchell spotted Defendant running toward the back of the Schwegmann building, and he pursued Defendant on foot.
Joseph Stein, who was also in the parking lot at the time, witnessed the incident and joined in the chase. When Mr. Mitchell drew within three or four feet of Defendant, Defendant dropped the victim's purse. The contents of the purse spilled onto the ground, and Mr. Mitchell stopped to collect them. Mr. Stein continued the chase. Sheriffs deputies were called to the scene of the offense, and Mrs. Mitchell gave them a description of the perpetrator.
Defendant ran into the back yard of a residence two blocks from the scene of the offense, and he was forced to stop when he was unable to climb over a fence. Mr. Stein attempted to detain Defendant, and the two men struggled. The resident of the home called the sheriffs department to report that two men were fighting in her yard. Deputy Eugene Morse arrived at the residence to find Stein and Defendant still engaged in a struggle. Stein reported that Defendant had just committed a purse snatching, and Defendant denied the accusation.
Deputy Morse noted that Defendant matched the description of the purse snatcher he had received over the police radio. Morse radioed officers at the scene of the offense to request that they transport a witness to the residence for a possible identification. Deputies accompanied Mr. Mitchell to the place where Defendant was being held. Mr. Mitchell positively identified Defendant as the perpetrator, and the officers placed Defendant under arrest. At trial, Mr. Mitchell, Mrs. Mitchell, and Mr. Stein all positively identified Defendant as the man who snatched Mrs. Mitchell's purse.

ASSIGNMENT OF ERROR NUMBER ONE
As his first assignment of error, the Defendant argues that the trial court imposed an excessive sentence. Specifically, Defendant claims the sentence is grossly disproportionate to the severity of the crime, and that the trial court erred in failing to consider sentencing factors outlined in LSA-C.Cr.P. art. 894.1.
Defendant did not file a motion to reconsider sentence in the trial court as required by LSA-C.Cr.P. art. 881.1. Such an omission by the defense generally precludes review of a sentence on appeal. See, State v. Ewens, 98-1096, p. 10 (La. App. 5 Cir. 3/30/99), 735 So.2d 89, 96, writ denied, 99-1218 (La.10/8/99), 750 So.2d 179.
However, the jurisprudence of this Court has generally shifted in favor of allowing a review for constitutional excessiveness, even where the defendant has failed to file a motion to reconsider sentence.[1] Nevertheless, Defendant is not entitled to a review of his argument concerning the trial court's non-compliance with Article 894.1, which falls under the category of statutory excessiveness.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and *159 suffering. State v. Lobato, 603 So.2d 739, 751 (La.1992). Even a sentence which falls within the statutory range may be excessive under certain circumstances. State v. Short, 00-866, p. 21 (La.App. 5 Cir. 10/18/00), 769 So.2d 823, 831. However, the trial judge has wide discretion in imposing sentences within the statutory limits, and sentences will not be set aside absent manifest abuse of that broad discretion. State v. Rainey, 98-436, p. 18 (La.App. 5 Cir. 11/25/98), 722 So.2d 1097, 1106, writ denied, 98-3219 (La.5/7/99), 741 So.2d 28.
Three factors should be considered in reviewing a trial judge's sentencing discretion: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Le, 98-1274, p. 5 (La.App.6/30/99), 738 So.2d 168, 171.
The sentencing range for purse snatching is two to twenty years. LSA-R.S. 14:65.1B. For a second felony offender, the sentencing range is ten to forty years. LSA-R.S. 15:529.1A(1)(a). Defendant argues that his offense does not warrant a sentence just below the maximum allowed by law. The state counters that the record shows Defendant's extensive history of criminal behavior. At Defendant's original sentencing, the prosecutor informed the court that Defendant had convictions for misdemeanor thefts, manslaughter, simple robbery and escape. Defendant also had arrests for aggravated assault, simple battery, aggravated battery, simple robbery and criminal damage to property.
Purse snatching is listed as a crime of violence under LSA-R.S. 14:2(13). In the course of committing the offense, Defendant hit and shoved the victim in front of her children. He then did his best to evade capture. He led the victim's husband and another man on a chase, then engaged in a physical confrontation with them. When police apprehended him, he denied having had anything to do with the crime.
In State v. Neville, 96-0137 (La.App. 4 Cir. 5/21/97), 695 So.2d 534, writ denied, 97-1637 (La.12/12/97), 704 So.2d 1180, the defendant was convicted of purse snatching and subsequently found to be a second felony offender. The defendant in that case was sentenced to 20 years at hard labor. On review, the court found the sentence to be excessive. The court cited the fact that the offense was committed surreptitiously, and not in a violent manner. The defendant had taken the victim's wallet from her purse without her knowledge. The court further noted that the defendant did not have a history of committing violent crimes. His prior felony conviction was for forgery.
The facts in Neville are easily distinguishable from those in the instant case. The instant offense was more violent in nature. Moreover, Defendant has a more extensive and violent criminal history than did the defendant in Neville.
Considering all of the above, we hold that the trial court did not abuse its wide discretion in imposing a sentence of thirty-six (36) years.

ASSIGNMENT OF ERROR NUMBER TWO
The Defendant also assigns as error any errors patent. A review of the record reveals that the trial court properly corrected the errors noted by this Court in its original opinion.
However, there is one patent error found in the instant record. While the transcript of the July 17, 2000 proceedings shows that the judge imposed the enhanced *160 sentence without eligibility for "good time," the commitment does not contain any mention of that stipulation. Where there is a discrepancy between the transcript and the minute entry, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). Therefore, we remand and order the trial court to amend the commitment to conform with the transcript.

CONCLUSION
We see no error in the sentence imposed by the trial court. The conviction and sentence are hereby affirmed. We also remand and order the trial court to amend the commitment to conform with the transcript.
AFFIRMED AND REMANDED TO CORRECT ERRORS PATENT.
NOTES
[1] See, State v. Hester, 99-426 (La.App. 5 Cir. 9/28/99), 746 So.2d 95, 103, writ denied, 99-3217 (La.4/20/00), 760 So.2d 342; State v. Hollins, 99-278 (La.App. 5 Cir. 8/31/99), 742 So.2d 671, writ denied, 99-2853 (La.1/5/01), 778 So.2d 587.