JAMES L. CANNELLA, Judge.
Defendant, Laurel Brashears, appeals from her conviction of shoplifting merchandise valued between $100 and $500 and her sentence to 18 months imprisonment at hard labor, suspended, with 18 months supervised probation. A $300 fíne was also imposed. For the reasons which follow, we affirm and remand.
On April 28, 2000, the Defendant, her 15 year old female cousin, and her sister and co-defendant, Layna Brashears (Layna), were shopping at Dillard’s Department Store (Dillard’s) at the Lakeside Shopping Center. Dillard’s security officer, Deputy Kevin D. Gorman, who was monitoring the store’s security cameras, testified that the Defendant took several items of clothing into the fitting room. When she returned, she placed some of the items on the stroller and returned some items to the rack. Then, the Defendant walked away from the stroller. The cousin then picked up the infant who was in the stroller and walked | ¡¡away. Meanwhile, the officer observed Layna conceal items inside the stroller’s compartment. Deputy Gorman acknowledged that the videotape recorded by the store’s security cameras did not show the Defendant concealing any items.
When the Defendant, her cousin and Layna neared the exit to the parking garage, Robert Kellogg (Kellogg), a manager at Dillard’s, approached them. Kellogg told them that he was concerned about the location of the clothing that had previously been on the stroller. Layna told him that the clothing was upstairs. Kellogg knew that the clothing was not upstairs and asked if he could search the stroller. After permission was given, Kellogg found the clothing inside the stroller’s compartment. A search of the diaper bag revealed several items of baby clothing. In all, several items of ladies’ Tommy Hilfigger clothing were found in the compartment of the Defendant’s baby stroller and infant clothing was found in the Defendant’s diaper bag. The merchandise totaled approximately $240. The Defendant and her two companions were arrested.
The Jefferson Parish District Attorney filed a bill of information charging the Defendant with theft of goods valued between $100 and $500 from Dillard’s, a violation of La. R.S. 14:67.1o.[1] The Defendant *988 pled not guilty at arraignment. On July 11, 2001, she went to trial before a six person jury.
At trial, Layna testified that she and her cousin stole the items, not the Defendant. According to Layna, the Defendant was not even aware that they had taken the clothing. Layna admitted that she had pled guilty to the theft the previous day. When she testified, the Defendant denied that she stole any merchandise from Dillard’s or that she asked either her cousin or sister to steal 14anything. She said that she was trying-on various sizes of clothing, since she had recently had a baby and whs unsure of her size. The Defendant stated that she had placed the items that she intended to purchase on the stroller, but changed her mind about purchasing them. According to the Defendant, she did not have a chance to remove the items from the stroller because her sister and cousin had left the department. The Defendant admitted that she did not buy anything that day, but stated that she had the means to pay.
Following trial, the jury found the Defendant guilty as charged. On August 10, 2001, the trial judge sentenced the Defendant to 18 months imprisonment at hard labor, suspended, and placed the Defendant on active probation for 18 months. The trial court also ordered the Defendant to pay a $300 fine as well as other costs of court. Immediately thereafter, the Defendant orally moved for appeal, and also filed a written motion for appeal, which the trial judge granted. On appeal the Defendant assigns two errors.

ASSIGNMENT OF ERROR NUMBER ONE

By this assignment of error, Defendant argues that her 18 month imprisonment at hard labor suspended sentence is excessive and that the trial court erred in failing to articulate the factual basis for the sentence. The State responds that the sentence is appropriate under the circumstances.
Defendant acknowledges that her trial attorney failed to file a motion to reconsider to preserve a claim of exces-siveness on appeal.[2] However, this Court has reviewed a defendant’s constitutional challenge of a sentence even in the absence of a motion to reconsider sentence. See, State v. Badeaux, 01-406 (La.App. 5th Cir.9/25/01), 798 So.2d 234, 238; State v. Williams, 98-1146 (La.App. 5th Cir.6/1/99), 738 So.2d 640, 654-655, writ denied, 99-1984 (La.1/7/00), 752 So.2d 176. The failure to file a motion to reconsider sentence, or to state specific grounds upon which the motion is based, merely limits a defendant to a bare review of the sentence for constitutional excessiveness. State v. Barnes, 01-489 (La.App. 5th Cir.10/17/01), 800 So.2d 973, 975; State v. King, 00-1434 (La.App. 5th Cir.5/16/01), 788 So.2d 589; State v. Hester, 99-426 (La.App. 5th Cir.9/28/99), 746 So.2d 95, writ denied by State v. Patterson, 99-3217 (La.4/20/00), 760 So.2d 342.
It is well settled that the Eighth Amendment of the United States Constitution and Article I, Section 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. A sentence is generally considered to be excessive if it is grossly disproportionate to the offense or imposes needless pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in fight of the harm done to society, it shocks the sense of justice. *989 State v. Lobato, 603 So.2d 739, 751 (La.1992); State v. Williams, 738 So.2d at 655.
The penalty for theft of goods valued between $100 or more but less than $500 is imprisonment, with or without hard labor, for not more than two years or a fine of not more than $2,000, or both. La. 14:67.10(B)(2). Defendant in this case received a sentence of 18 months imprisonment at hard labor, suspended 18 months active probation and a $300 fine. Although the record indicates that this was Defendant’s first felony and she was relatively young, 20 years old at sentencing, she actually received a relatively light sentence.
In a similar case, State v. Davis, 584 So.2d 329 (La.App. 3rd Cir.1991), the reviewing court upheld a one-year sentence at hard labor without probation | ¿for a first felony offender who pled guilty to stealing $108 of merchandise from a store. The defendant had grandchildren and was responsible for caring for her mother who lived with her. Notwithstanding these factors, the reviewing court concluded that defendant’s sentence of one year at hard labor was not excessive. The court pointed out that the defendant obviously had not considered the effects of her crime on her family when she stole the merchandise and had violated her bail bond twice before sentencing. Id. at 330.
In the present case, the Defendant failed to appear in trial court on one occasion, which resulted in her bail forfeiture. Further, the trial judge imposed a suspended sentence, which she was not obligated to do, even though Defendant was a first felony offender. See State v. Belcher, 34,616 (La.App. 2nd Cir.6/20/01), 793 So.2d 262, 268. Likewise, the $300 fine received by Defendant was small compared to the $2,000 fine which the trial judge could have imposed. Based on the facts apparent in the record, we find that the trial judge did not abuse her sentencing discretion in this case and the imposed sentence is not constitutionally excessive.
In addition to claiming that her sentence is excessive, Defendant also complains that the trial judge failed to state her reasons for sentencing the Defendant as required by La.C.Cr.P.art. 894.1. However, “[defendant is not entitled to a review of his argument concerning the trial court’s non-compliance with Article 894.1, which falls under the category of statutory excessiveness.” State v. Balser, 01-317 (La.App. 5th Cir.7/30/01), 792 So.2d 156, 158.
Nevertheless we note that, although La.C.Cr.P. art. 894.1(C) requires the trial court to state for the record the considerations taken into account and the factual basis when imposing sentence, State v. Sanders, 98-855 (La.App. 5th Cir.5/19/99), 734 So.2d 1276, 1279, writ denied, 99-1980 (La.1/7/00), 752 So.2d 175, when there is an adequate factual basis for the sentence contained in the record, the trial court’s failure to articulate every circumstance listed in La.C.Cr.P. art. 894.1 does not require a remand for re-sentencing. State v. Ulmer, 99-1079 (La.App. 5th Cir.1/25/00), 751 So.2d 1017, 1019; State v. Morris, 98-236 (La.App. 5th Cir.9/16/98), 719 So.2d 1076, 1082.
Defendant received an 18 month suspended sentence and a fine. Therefore, we conclude that there is an adequate factual basis for the imposed sentence contained in the record and remand is not required. This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER TWO

By this assignment of error the Defendant argues that she received ineffective assistance of counsel because her attorney failed to make an oral or written *990 motion to reconsider sentence under La. C.Cr.P. art. 881.1. The State responds that the Defendant was not prejudiced by her attorney’s failure to move to reconsider the sentence.
A claim of ineffective assistance of counsel is most appropriately addressed through an application for post-conviction relief rather than direct appeal, so as to afford the parties an adequate record for review. State v. Truitt, 500 So.2d 355, 359 (La.1987); State v. McIntyre, 97-876 (La.App. 5th Cir.1/27/98), 708 So.2d 1071, 1075, writ denied, 98-1032 (La.9/18/98), 724 So.2d 753. Only when the record contains sufficient evidence to decide the issue and the issue is properly raised by assignment of error on appeal, may it be addressed in the interest of judicial economy. State v. Peart, 621 So.2d 780, 787 (La.1993). In the present case, the record is adequate to address Defendant’s claim in this | Rregard.
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, Section 13 of the Louisiana Constitution of 1974. When a defendant raises a claim of ineffective assistance of counsel, that claim is evaluated under the two-prong test established by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must show that (1) defense counsel’s performance was deficient, and (2) the deficiency prejudiced the defendant. To show prejudice under this test, the defendant must demonstrate that the outcome of the trial would have been different, but for counsel’s unprofessional conduct. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.
This Court has recognized that the mere failure to file a motion to reconsider sentence does not in and of itself constitute ineffective assistance of counsel. State v. Williams, 738 So.2d at 654; State v. Pendelton, 96-367 (La.App. 5th Cir.5/28/97), 696 So.2d 144, 159, writ denied, 97-1714 (La.12/19/97), 706 So.2d 450. The Defendant must “show a reasonable probability that, but for counsel’s error, his sentence would have been different,” to succeed on a claim for ineffective assistance of counsel. State v. Pendelton, supra.
Based on the foregoing, we find that the Defendant has not demonstrated that she received ineffective assistance of counsel. We have already determined that the sentence was not excessive. Thus, the Defendant has not shown a reasonable probability that, but for her attorney’s failure to file or move for reconsideration of her sentence, her sentence would have been different. This assignment of error has no merit.

TERROR PATENT DISCUSSION

The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990). The following was found necessitating remand.
The record reveals that the trial judge failed to advise the Defendant of the prescriptive period for filing post-conviction relief in accordance with La.C.Cr.P. art. 930.8. Since this is a fact of which the Defendant must be apprised, we will remand the case to the district court to so inform the Defendant by sending him appropriate written notice of the correct statement of the law within ten days of this Court’s opinion and to file written proof in the record that the Defendant received the notice. State v. Bates, 96-9 (La.App. 5th Cir.4/16/98), 673 So.2d 1085; State v. McCorkle, 97-966 (La.App. 5th Cir.2/25/98), 708 So.2d 1212.
Accordingly, we affirm the Defendant’s conviction for shoplifting items valued between $100 and $500 and her sentence to 18 month imprisonment at hard labor, suspended, with Defendant to serve 18 months active probation and the imposition *991 of a $300 fine. The case is remanded to the district court to provide proof in the record of the Defendant’s receipt of appropriate notice, under La.C.Cr.P. art. 930.8, of the prescriptive period for post conviction relief.
CONVICTION AND SENTENCE AFFIRMED; CASE REMANDED.

. The Louisiana Supreme Court recently held that this statute, which provides different *988 grades of penalties than the general theft statute, La. R.S. 14:67, is constitutional. State v. Fleury, 01-0871 (La.10/16/01), 799 So.2d 468.

. In the next assignment, Defendant raises the issue of ineffective assistance of counsel for this reason.