MOORE, J.
|, Sean Patrick Mastín appeals as excessive his sentence of 2 ⅛ years at hard labor for his conviction of attempted simple kidnapping. We affirm.
The incident occurred late on October 5, 2009. According to Ashley Gordon, the ex-girlfriend who had just recently ended their relationship, Mastín was texting her steadily, wanting to know where she was, but she repeatedly told him to leave her alone. Late that evening, after she got home from a date with her new boyfriend (and eventual fiancé), Mastín drove to her trailer on West 70th Street in Shreveport, knocked on the door and entered uninvited. The two promptly got into an argument, ostensibly about a cell phone; Mas-tín grabbed the phone from her and ran out to his car as Ms. Gordon chased him. According to Ms. Gordon, Mastín grabbed her, shoved her in the driver’s door, then he himself got behind the wheel and drove off. Ms. Gordon was adamant that she did not want to go with him.
Mastín got on 1-20, drove east into Bossier City, turned around near Louisiana Downs, and took the 1-220 loop back across the river. At some point, he calmed down and returned the cell phone to Ms. Gordon, who called her mother, who placed a three-way call to police to report the incident. Corporal Michael Murphy, who fielded the call, testified that he could hear a man screaming, “Bitch, I’m not letting you out of the car!” A K-9 officer spotted the car going east on 1-20 near Linwood Avenue, got Mastín to pull off at the Common and Line Street exit, and stopped him in the Doctor’s Hospital parking lot. Ms. Gordon got out unharmed and was driven back to her trailer; Mastín was taken into custody and given his Miranda rights. Corporal Murphy testified that en route to the station, | ¡.Mastín admitted he should not have done this, and he should have let her out along the way.
The state charged Mastín by bill of information with simple kidnapping and aggravated burglary; however, it declined the latter charge. Mastín proceeded to a two-day jury trial in December 2010. The witnesses testified as outlined above. In his own defense, Mastín testified that Ms. Gordon was simply lying about the incident: he actually lived in the trailer, and at the time of the incident, they were still a couple; the cell phone he grabbed belonged to him; she followed him to the car, kissing him and begging him not to leave; she could have got out of the car anytime; he was still writing her love letters from jail; and it was all part of their volatile relationship. Defense counsel argued that the victim was a “drama queen.” The jury rendered the responsive verdict of attempted simple kidnapping.
At sentencing the district court noted that Mastín had continued writing to Ms. Gordon after trial, raising the risk that he would commit another crime if he received a suspended sentence or probation. The court imposed the statutory maximum of 2 ½ years at hard labor and ordered Mastín to have no further contact with Ms. Gordon or her family.
Mastín has appealed, urging only that the maximum sentence of 2 ½ years at hard labor is excessive for a 24-year-old offender with no prior felony record. The state responds that the sentence is appropriate, given the gravity of the offense, Mastin’s persistence in badgering this victim, and his tendency to blame the victim *41 and her family instead of accepting responsibility for his own misconduct.
 1 oOrdinarily, appellate review of sentences for excessiveness is a two-step process, the first being an analysis of the district court’s compliance with the sentencing guidelines of La. C. Cr. P. art. 894.1. However, when a defendant fails to file a motion to reconsider sentence in the lower court, appellate review is limited to the second step, an analysis of the sentence for constitutional excessiveness. State v. Mims, 619 So.2d 1059 (1993); State v. Williams, 45,755 (La.App. 2 Cir. 11/3/10), 54 So.3d 1129, writs denied, 2010-2682, -2706 (La.4/25/11), 62 So.3d 82, 89. The record does not show that Mastín filed a motion to reconsider; thus, our review is limited to the bare claim of constitutional excessiveness.
A sentence violates La. Const. Art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Lobato, 603 So.2d 739 (La.1992). A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals. State v. Guzman, 99-1753 (La.5/16/00), 769 So.2d 1158. Normally, sentences at or near the maximum are reserved for the worst offenders and the worst offenses. State v. Cozzetto, 2007-2031 (La.2/15/08), 974 So.2d 665. Nevertheless, the sentencing court has wide discretion in imposing a sentence within statutory limits, and such a sentence will not be set aside as excessive in the absence of manifest abuse of that discretion. State v. Williams, 2003-3514 (La.12/13/04), 893 So.2d 7.
[/The maximum sentence for attempted simple kidnapping is 2 ½ years at hard labor. La. R.S. 14:45, 27; State v. Belcher, 34,616 (La.App. 2 Cir. 6/20/01), 793 So.2d 262.
Trial testimony showed that as a prelude to this offense, Mastín harassed Ms. Gordon with a barrage of calls and text messages. After his arrest, despite an order not to contact her, he continued to call and send her letters from jail. At sentencing, the court was unfavorably impressed by the fact that even after his conviction, Mastín still sent Ms. Gordon love letters. One of these declared, “I will not give up the fight for your heart because you are so very special to me.” Although he had no prior felony record, he admitted that two years earlier he had harassed another former girlfriend, and violated a protective order, by calling and texting her, even driving to her place of work in Destín, Florida, to confront her in person. This pattern of behavior only amplifies the district court’s concern that a suspended or probated sentence, or even a lesser sentence, would create a window of opportunity for further rash conduct that might escalate into actual bodily harm. Although the sentence is the maximum, it is not out of proportion to this offense and offender, and is no abuse of the court’s wide discretion. State v. Guzman, supra. The assignment of error lacks merit.
We have also reviewed the entire record and find nothing we consider to be error patent. La. C. Cr. P. art. 920(2). The conviction and sentence are therefore affirmed.
AFFIRMED.