GRAVES, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority that Ramiro Rubi Ibarra’s motion to vacate should be denied, as he presently has an application for a certificate of appealability (COA) pending before this Court. Further, as *228 the Government asserts, the motion is an “improper procedural vehicle” for obtaining the relief he seeks because this relief is not available until a decision is made on the COA. However, the majority denies the motion to vacate based on its interpretation and application of Martinez v. Ryan, — U.S. -, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), and its finding that Martinez does not apply to Texas. Therefore, I respectfully concur in part and dissent in part.
As the majority states, Martinez recognizes a limited exception to Coleman v. Thompson, 501 U.S. 722, 746-47, 111 S.Ct. 2546, 2562-63, 115 L.Ed.2d 640 (1991). Specifically, in Martinez, the Court said:
To protect prisoners with a potentially legitimate claim of ineffective assistance of trial counsel, it is necessary to modify the unqualified statement in Coleman that an attorney’s ignorance or inadvertence in a postconvietion proceeding does not qualify as cause to excuse a procedural default. This opinion qualifies Coleman by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner’s procedural default of a claim of ineffective assistance at trial.
Id. at 1315. (Emphasis added).
To find that Ibarra could not be one of those prisoners with a potentially legitimate claim of ineffective assistance of trial counsel that Martinez proposes to protect, one must read the above use of “initial-review collateral proceedings” to mean state-mandated initial-review collateral proceedings rather than rely on the literal definition of an “initial-review collateral proceeding.”[1] Yet the Court did not include “state-mandated” or any such phrase in pronouncing this exception. The Court also did not exclude the application of this equitable exception to prisoners like Ibarra, who raised IAC claims in a collateral proceeding as strongly suggested by the state. Yet the Court specifically excluded “attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State’s appellate courts.” Martinez, 132 S.Ct. at 1320. While Martinez does repeatedly refer to the applicable Arizona requirement, it is an Arizona case, and, of course, the narrow exception set out above would apply to a state such as Arizona which requires that IAC claims are raised collaterally.
Moreover, as stated by the majority, the Supreme Court specifically noted that Arizona habeas courts look to the merits of the ineffectiveness claim, that no other court prior to the collateral proceeding has addressed the claim, and “defendants pursuing first-tier review ... are generally ill equipped to represent themselves because they do not have a brief from counsel or an opinion of the court addressing their claim of error.” Id. at 1317.[2] (Internal marks *229 omitted). That is exactly the situation with Ibarra. The Texas habeas court would have been the first court to look to the merits of his ineffective assistance of trial counsel claim. As to the third factor above, Ibarra and Martinez were both represented by counsel, but the Supreme Court extended the exception both to unrepresented and represented defendants. Martinez, 132 S.Ct. at 1318.
The Supreme Court unequivocally made an “equitable ruling” creating an exception to a default in instances with and without counsel. In an “equitable ruling,” there is no practical or legal way to distinguish between a prisoner asserting that his initial-review collateral proceeding counsel was ineffective for failing to assert an ineffective-assistance-of-trial-counsel claim in a state that requires the claim to be raised collaterally and a state that strongly suggests that the claim should be raised collaterally. In both instances the claim would properly be raised collaterally. The only reasonable distinction between the two would be in the context of a constitutional ruling, which is not what the Supreme Court made. And, as the Supreme Court says, the purpose of the exception is to “protect prisoners with a potentially legitimate claim of ineffective assistance of trial counsel.”
Texas, like Louisiana, Mississippi, Alabama, and others, is not a state where you must raise IAC claims in collateral proceedings, although it is the preferred and encouraged method of raising IAC claims. Notwithstanding that Texas does not require IAC claims to be raised in a motion for new trial or on direct appeal but does require that they must be raised no later than the initial collateral proceeding, there clearly are instances where a collateral proceeding will be the “first occasion” to legitimately raise a claim of ineffective assistance of trial counsel in Texas. That “first occasion” would necessarily be an “initial review.” Ibarra’s case appears to be one of those occasions.
Based on the interpretation of the application of Martinez, the majority is finding that Ibarra is not entitled to the benefit of Martinez because “Texas procedures entitled him to review through counselled motions for new trial and direct appeal.” The majority also states, “Hollowing conviction, Ibarra was then appointed new counsel for his state habeas petition, who raised only a purported Lackey claim ....” Based on the interpretation of the application of Martinez, the majority is finding that Ibarra has defaulted on any claim of ineffective assistance of trial counsel that state habeas counsel failed to raise in his initial state habeas petition because Texas allowed said claimed ineffective trial counsel to raise his own ineffectiveness in a motion for new trial or on direct appeal. Overlooking the fact that failing to raise his own ineffectiveness could possibly be a basis for an IAC claim, it is not equitable to find that Ibarra has defaulted on a claim of ineffective assistance of counsel because his claimed ineffective counsel did not prematurely raise said claim when clearly not practicable.
With regard to cited cases, the majority cites Arnold v. Dormiré, 675 F.3d 1082 (8th Cir. Apr.3, 2012), as a basis for not “expanding” Martinez. Arnold was an appeal from an initial-review collateral proceeding. This is not an appeal from an initial-review collateral proceeding. Hunton v. Sinclair, 2012 WL 1409608, at *1 (E.D.Wash. Apr. 23, 2012), was a Brady claim. This is an IAC claim. Also, Sherman v. Baker, 2012 WL 993419, at *18 (D.Nev. Mar. 23, 2012), actually said that to the “extent that Sherman claims ineffective assistance of post-conviction counsel prevented him from presenting any of his claims in compliance with Nevada’s proce *230 dural rules, the Court in Martinez made clear that post-conviction counsel’s ineffectiveness can serve as cause only with respect to claims of ineffective assistance of counsel at trial.” Id. That is exactly the situation here — Ibarra’s underlying claim is ineffective assistance of trial counsel, the merits of which would be decided pursuant to his application for a COA. Also, notably, it appears that Nevada, like Texas, allows ineffective assistance of counsel to be raised on direct appeal. McConnell v. State, 125 Nev. 243, 212 P.3d 307, 314 (2009). See also Nev.Rev.Stat. 34.810.
Additionally, the Ninth Circuit in Leavitt v. Arave, 2012 WL 1995091 (9th Cir. June 1, 2012), found that Idaho’s unique post-conviction procedure for capital defendants requiring that any claim of ineffective assistance of trial counsel must be raised in a post-conviction action that is then litigated before the direct appeal was the “ ‘initial-review collateral proceeding’ as to those claims about which Martinez speaks.” Id. at *8. The Ninth Circuit left open the question of whether Martinez would apply to non-capital matters.
Even more relevant is this Court’s handling of Martinez in the unpublished opinion of Lindsey v. Cain, 2012 WL 1366040 (5th Cir. Apr. 19, 2012).[3] In Lindsey, this Court granted a COA and remanded for further proceedings in light of Martinez, saying:
When a state, like Louisiana, requires that a prisoner raise an ineffective assistance of counsel claim on collateral review, a prisoner can demonstrate cause for the default in two circumstances: (1) “where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial” and (2) “where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland [v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)].” Id. at *8 (citation omitted). Further, the prisoner must also show that “the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.”
Id. at *1.
Louisiana, like Texas, allows a prisoner to raise ineffective assistance of counsel on direct appeal “when the record contains sufficient evidence to decide the issue and the issue is properly raised by assignment of error on appeal.” State v. Brashears, 811 So.2d 985 (La.App. 5 Cir.2002). See also State v. Williams, 738 So.2d 640, 651-52 (La.App. 5 Cir.1999) (“Ineffective assistance of counsel claims are most appropriately addressed on application for post conviction relief, rather than on direct appeal, so as to afford the parties adequate opportunity to make a record for review. However, when an ineffective assistance claim is properly raised by assignment of error on direct appeal and the appellate record contains sufficient evidence to evaluate the claim, the reviewing court may address the ineffective assistance claim in the interest of judicial economy.”).
In Adams v. Thaler, 679 F.3d 312 (5th Cir.2012), a case where the prisoner reasserted ineffective assistance of counsel in a successive habeas petition after the district court found that he had proeedurally defaulted under Coleman, this Court said:
Although we need not, and do not, address the impact of Martinez on the *231 Texas habeas landscape, we note that Texas does not require a defendant to raise an ineffective assistance of trial counsel claim only in state habeas proceedings, see Lopez v. Texas, 343 S.W.3d 137, 143 (Tex.Crim.App.2011), and that ineffective assistance claims (particularly those, like Adams’s claim, involving trial counsel’s failure to object to jury instructions) are often brought on direct appeal, with mixed success.
Id. at 317, n. 4.
In Cantu v. Thaler, 682 F.3d 1053, 2012 WL 1970364 (5th Cir. June 1, 2012), on remand from the Supreme Court, this Court remanded to the district court “so that the district court may decide in the first instance the impact of Martinez v. Ryan on Cantu’s contention that he had cause for his procedural default.” Id[4]
In analyzing the application of Martinez in Brown v. Thaler, 684 F.3d 482, 2012 WL 2107238 (5th Cir.2012), this Court said:
The Supreme Court’s recent decision in Martinez v. Ryan, does not assist Brown’s argument. In Martinez, the Court held that “[inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner’s procedural default of a claim of ineffective assistance at trial.” The Texas Court of Criminal Appeals did not find Brown’s ineffective assistance claim to be proeedurally defaulted, but instead considered the claim on the merits.
Id. at *15, n. 4.
In Williams v. Alabama, 2012 WL 1339905 (N.DAla. April 12, 2012), the district court found that Williams demonstrated cause under Martinez to overcome procedural default of his ineffective assistance of counsel claim. The court ultimately denied the claim for ineffective assistance of counsel because Williams failed to demonstrate prejudice or that his claim had merit. The fact that the Alabama district court found Martinez applicable is significant because Alabama, like Texas, Louisiana, and Mississippi, does not require a claim for ineffective assistance of counsel to be raised collaterally. Specifically, the Alabama rule says:
Any claim that counsel was ineffective must be raised as soon as practicable, either at trial, on direct appeal, or in the first Rule 32 petition, whichever is applicable. In no event can relief be granted on a claim of ineffective- assistance of trial or appellate counsel raised in a successive petition.
Ala. R. Cr. P. 32.2(d).
Thus, various courts, including a panel of this Court, have decided the application of Martinez differently than the majority. To be clear, this has no bearing on whether Ibarra has a substantial claim of ineffective assistance of trial counsel, as any review of the merits of his claims would be conducted pursuant to his application for a COA. I am not convinced that it is correct to foreclose the possible application of an “equitable ruling” to Texas prisoners with potentially legitimate claims of ineffective assistance of trial counsel. Therefore, I respectfully concur in part and dissent in part.

. The majority quotes language from Martinez’s discussion of Coleman regarding a definition of "initial-review collateral proceedings” included in the Supreme Court’s statement of the constitutional issue that the majority concedes the Supreme Court left open: "whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial.” Martinez, 132 S.Ct. at 1315. That "definition” does not include any language such as state-mandated. Further, that "definition" supports the proposition that Martinez applies to Ibarra as, based on the preference of the State of Texas, his first habeas proceeding would be one . of the "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial.”

. The majority's citation is to the syllabus rather than the actual opinion.

. This unpublished case and others are mentioned to demonstrate how this Court and others have applied Martinez.

. The Supreme Court also remanded Newbury v. Thaler, - U.S. -, 132 S.Ct. 1793, 182 L.Ed.2d 612 (March 26, 2012), for consideration of Martinez. Further, this is not an exhaustive list of cases analyzing the application of Martinez.