DREW, J.
JjDanterrius K. Holmes was found guilty of armed robbery with a firearm. He was sentenced under La. R.S. 14:64 to 10 years at hard labor without benefit of parole, probation or suspension of sentence, plus a consecutive five years at hard labor, without benefits, for the firearm enhancement. We affirm in all respects.
FACTS
Holmes was initially charged with armed robbery and armed robbery with a firearm as a juvenile by petition for detention in the Monroe City Court. A detention hearing was conducted and probable cause found. He was then charged by information with armed robbery with a firearm.[1]
Following voir dire, the trial court ruled that Holmes’ statement to police was freely and voluntarily given, and therefore admissible.
The evidence reflected that:
• Holmes and two other young men,[2] while armed with a pistol, took various items from a pizza delivery person, without his consent;
• police found the gun, unloaded, in the possession of one of the other robbers;
• Holmes confessed, stating that, he provided the pistol, which he had stolen, but that one of the codefendants pointed the gun at the victim; and
• Holmes took the money and other items from the victim.
The trial court explained at sentencing that:
• it had considered the contents of the presentence investigation report;
ja» Holmes was 17 at the time of the offense; [3]
• the defendant had no other prior felony convictions;
• the defendant did have a prior juvenile record;
• it had considered the sentencing factors of La. C. Cr. P. art. 894.1;
• an arguably aggravating circumstance was the use of a firearm; and
• it did not consider that fact an aggravating factor since La. R.S. 14:64.3 already provided an enhanced sentence for Holmes’ use of the firearm.
The trial court assessed the minimum sentence as noted above. No motion for reconsideration was filed. Defendant was granted an out-of-time appeal.
DISCUSSION

Jurisdiction

Holmes argues that:
• he was only 16 at the time of the robbery;
• the record provides no proof that a continued custody hearing was held; and
• the trial court lacked jurisdiction to try him as an adult.
The state responds that such a hearing did take place and cites its motion to supplement the record with a copy of the minutes from the Monroe City Court. The state also points out that Holmes did not complain about this issue at trial.
La. Ch. C. art. 305(B) provides, in pertinent part:
*245 B. (1) When a child is fifteen years of age or older at the time of the commission of any of the offenses listed in Subparagraph (2) of this Paragraph, he is subject to the exclusive jurisdiction |sof the juvenile court until whichever of the following occurs first:
(a) An indictment charging one of the offenses listed in Subparagraph (2) of this Paragraph is returned.
(b) The juvenile court holds a continued custody hearing and finds probable cause that the child has committed any of the offenses listed in Subpara-graph (2) of this Paragraph and a bill of information charging any of the offenses listed in Subparagraph (2) of this Paragraph is filed. During this hearing, when the child is charged with forcible rape or second degree kidnapping, the court shall inform him that if convicted he shall register as a sex offender for life, pursuant to Chapter 3-B of Title 15 of the Louisiana Revised Statutes of 1950.
Armed robbery is listed in Subpara-graph (2) of La. Ch. C. art. 305(B).
The minutes provided by order of this court reveal that the Monroe City Court, acting in its capacity as a juvenile court, held a detention hearing and determined that probable cause existed that Holmes committed armed robbery with a firearm. When the state then filed a bill of information charging Holmes with armed robbery with a firearm, the case was properly transferred to the trial court, resulting in the requisite jurisdiction.

Excessiveness

Holmes contends that his sentence is excessive, pointing out that this is his first felony offense and he was only 16 at the time of commission of the offense. He also alleges that he did not point the gun at the victim and that he initially did not want to take part in the crime, but was persuaded to do so. Holmes argues that the trial court should have deviated from the | ¿mandatory minimum sentence based on the circumstances of this particular case.
The state responds that Holmes received the minimum sentence, noting that the trial court considered his age and criminal history, and noting that this defendant provided the gun and took the items from the victim.
La. R.S. 14:64(B) provides:
B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence.
La. R.S. 14:64.3(A) provides:
A. When the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years without benefit of parole, probation, or suspension of sentence. The additional penalty imposed pursuant to this Subsection shall be served consecutively to the sentence imposed under the provisions of R.S. 14:64.
Our law on appellate review of sentences is well settled.[4]
| ñThe trial court did not abuse its discretion in sentencing Holmes to 10 years at hard labor without the benefit of parole, probation or suspension of sentence for the armed robbery conviction, and five *246 years at hard labor, to be served consecutively to the Í0-year sentence, because a firearm was used in commission of the armed robbery. The sentence is not constitutionally excessive. Holmes received the minimum sentence allowable under La. R.S. 14:64 and 14:64.3. The sentence is not disproportionate to the crime, nor does it “shock the sense of justice.”
DECREE
The defendant’s conviction and sentence are AFFIRMED.

. The minutes reflect that the defendant was also charged with simple robbery in another incident.

. The other two participants were also juveniles.

.In point of fact, Holmes did not turn 17 until exactly one week after the armed robbery.

. When a defendant fails to file a La. C. Cr. P. art. 881.1 motion to reconsider sentence the appellate court's review is limited to the bare claim that the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Mastin, 46,958 (La.App.2d Cir.1/25/12), 86 So.3d 39. A sentence is constitutionally excessive in violation of La. *246 Const. Art. I, § 20, if it is grossly out of proportion to the' severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir. 1983), writ denied, 438 So.2d 1112 (La. 1983). A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals. State v. Weaver, 2001-0467 (La. 1/15/02), 805 So.2d 166; State v. Guzman, 1999-1528, 1999-1753 (La.5/16/00), 769 So.2d 1158.
Although the Louisiana Supreme Court has held that courts have the power to declare a mandatory minimum sentence excessive under Art. I, § 20, of the Louisiana Constitution, this power should be exercised only in rare cases and only when the court is firmly convinced that the minimum sentence is excessive. State v. Wallace, 46,422 (La.App.2d Cir.8/10/11), 71 So.3d 1142, writs denied, 2011-1962 (La.2/3/12), 79 So.3d 1026, and 2011-1961 (La.2/17/12), 82 So.3d 281; State v. Ponsell, 33,543 (La.App.2d Cir.8/23/00), 766 So.2d 678, writ denied, 2000-2726 (La. 10/12/01), 799 So.2d 490. While Wallace dealt with mandatory sentences under the habitual offender law, it implied that all mandatory sentences are presumptively constitutional and should be accorded great deference by the judiciary. Wallace, supra; State v. Wade, 36,295 (La.App.2d Cir. 10/23/02), 832 So.2d 977, writ denied, 2002-2875 (La.4/4/03), 840 So.2d 1213.