THIBODEAUX, Chief Judge,
dissenting in part.
hi agree with the majority that there was insufficient evidence to support a conviction for indecent behavior with a juvenile. I disagree with its conclusion that simple kidnapping was proven beyond a reasonable doubt.
Louisiana Revised Statutes' 14:45'(A)(2) requires an “unlawful purpose.” ‘ The majority agrees that insufficient evidence exists to prove the crime of indecent behavior with a juvenile. Where .is the “unlawful purpose” required by the statute? The majority hides- it from us. There is a reason for that — it does not exist. The State, at trial, relied exclusively on the offense qf “indecent behavior with a juvenile” as the “unlawful purpose” requirement to prove simple kidnapping. In an attempt to circumvent this requirement, the majority creates a jurisprudential fiction — the lack of a lawful purpose to supplant the statutory directive.
The majority rationalizes its conclusion by asserting that “picking up a runaway minor child and keeping her secreted for five hours without her legal guardian’s consent ... does not equate to a lawful purpose.” However, the majority then inconsistently posits that “there was no evidence showing that defendant denied A.G. the opportunity to leave.” If so, how does that amount to “keeping, her [A.G.] secreted?” The majority somehow does not see this inconsistency and does not explain how this reasoning undermines its own rationale. Louisiana Revised Statute's 14:'45(A)(2) focuses on an' “unlawful | ¡¡purpose;” it does not say anything about “does not equate to a lawful purpose,” as the majority states.
The majority’s reliance on State v. Belcher, 34,616 (La.App 2 Cir. 6/20/01), 793 So.2d 262, is misplaced. In Belcher, when the victim refused to get into the vehicle, the defendant attempted to entice her by offering hfer money if she got into the vehicle. Here, A.G. voluntarily accompanied Defendant.
A.G. admitted that she ran away from home without her mother’s consent. She testified that she voluntarily got into the car and told Defendant she was spending the weekend at a friend’s house. He agreed to take her there. She gave him directions, but. on the way there she told him her friend would not, .be home yet. Defendant argues that there was no inducing, enticing, or decoying A.G. away without' her parents’ consent. She had left her home on her own accord, after being forbidden to do so. She was walking on the roadway pulling a suitcase behind her. She readily agreed to get into the car after she told Defendant she was going to her girlfriend’s house’ and he offered a ride. She agreed to go to Mr. Majeed’s apartment after Defendant said she could stay *428 there while she waited for her Mend to come home from school. The victim admitted that at no time did she ask to be let out of the car. She had ample opportunity to leave the vehicle when they stopped at Dairy Queen. Except for agreeing to buy her hair dye, there was no testimony he made any promises to her. ■ She agreed that she had the opportunity to leave the apartment when Defendant left her alone to work upstairs and when he left to run an errand. She agreed that she had the opportunity to seek help or run away when they went to Wal-Mart. Thus, I have a difficult time attempting to fathom where and how Defendant “secreted” A.G. It just does not exist. Even the majority concedes this.
In sum, there was insufficient evidence to show that Defendant enticed, induced, or tricked the victim into getting in the car and accompanying him to Mr. |sMajeed’s apartment for an unlawful purpose. Therefore, there was insufficient evidence to sustain the verdict of simple kidnapping in. this case. While Defendant exercised bad judgment and was not a model citizen, those less than admirable traits do not equate to criminal conduct.
For the foregoing reasons, I respectfully dissent in part.