897 So.2d 911 (2005)
Susan ARRINGTON, etc.
v.
ER PHYSICIANS GROUP, APMC, et al.
No. 04-1235.
Court of Appeal of Louisiana, Third Circuit.
March 9, 2005.
*912 Oliver Jackson Schrumpf, Schrumpf & Schrumpf, Sulphur, LA, for Plaintiffs/Appellants: Susan, Joelle and Laura Arrington.
Michael Keith Prudhomme, Thomas P. Leblanc, Lake Charles, LA, for Secondary Defendant/Appellant: Louisiana Patient's Compensation Fund Oversight Board.
Charles C. Foti, Jr., Attorney General, J. Elliott Baker, Special Assistant Attorney General, Covington, LA, Benjamin W. Mount, Bergstedt & Mount, Lake Charles, LA, for Defendants/Appellees/Cross-Appellants: State of Louisiana and Galen-Med, Inc., formerly d/b/a Lake Area Medical Center.
Court composed of SYLVIA R. COOKS, ELIZABETH A. PICKETT, and BILLY HOWARD EZELL, Judges.
PICKETT, J.

FACTS
Plaintiffs, Susan, Joelle and Laura Arrington, appeal a judgment of the trial court denying their motion for summary judgment seeking to have the limitations on recovery for damages imposed by the Louisiana Medical Malpractice Act, La.R.S. 40:1299.41, et seq, declared unconstitutional and granting the motions for summary judgment filed by defendants, GALEN-MED, INC. and the Louisiana Patient's Compensation Fund upholding the constitutionally of the limitation on recovery or "cap" provisions of the act.

FACTS
The proceedings leading up to this appeal are detailed by the trial judge in his written reasons for judgment:
On October 28, 1994, WILLIAM ARRINGTON died at the LAKE AREA MEDICAL CENTER.
On June 23, 1997, plaintiff filed an instant lawsuit alleging DR. RICHARD SAMUDIA, ER PHYSICIANS GROUP, A.P.M.C., GALEN-MED., INC., d/b/a LAKE AREA MEDICAL CENTER, and related entities were all liable for the death of WILLIAM ARRINGTON. This lawsuit was filed after a Medical Review Panel had rendered an opinion adverse to DR. SAMUDIA in accordance with Section 40:1299.47 of the Louisiana Medical Malpractice Act (La. R.S. 40:1299.41, et seq).
On June 16, 1999, this court approved the settlement of the plaintiffs claim against DR. SAMUDIA for $100,000.00 pursuant to the MMA which limited DR. SAMUDIA's liability to $100,000.00. [Section 40: 1299.42(B)]. Additionally, under Section 40: 1299.44(C), the payment of $100,000.00 on behalf of DR. SAMUDIA resulted in an admission of the liability of DR. SAMUDIA.
On August 15, 2000, this court approved the settlement of the plaintiffs claim with the LOUISIANA PATIENT'S COMPENSATION FUND OVERSIGHT BOARD for the sum of $500,000.00, paid from the LOUISIANA PATIENT'S COMPENSATION FUND, pursuant to the Louisiana Medical Malpractice Act. The $500,000.00 sum represented $390,000.00 principal plus $90,000.00 legal interest, plus $20,000.00 expenses. In consideration of the payment of $500,000.00, the plaintiffs fully released DR. SAMUDIA, THE LOUISIANA PATIENT'S COMPENSATION FUND, THE LOUISIANA PATIENT'S COMPENSATION FUND OVERSIGHT BOARD and EVANSTON INSURANCE COMPANY, and all related parties. The plaintiffs specifically reserved all rights and *913 causes of action against defendant, GALEN-MED, INC. D/b/a, LAKE AREA MEDICAL CENTER, while reserving its non-medical malpractice cause of action against E.R. PHYSICIAN'S GROUP and ST. PAUL FIRE AND MARINE INSURANCE COMPANY.
Plaintiff seeks to have the limitation of liability provided at Section 40: 1299.4 2(B) declared unconstitutional and recover their damages without limitation from GALEN-MED, INC. GALEN-MED, INC. seeks to have its' liability limited to amounts paid by others.
The trial judge considered the issues raised by plaintiffs, the counter-arguments of defendants, the law and jurisprudence and then upheld the constitutionality of "the cap" and issued judgment accordingly. This appeal followed.

LAW AND DISCUSSION
Although couched as several different assignments of error, the sole issue raised in this appeal is the same issue raised in Taylor v. Clement, 04-1069 (La.App. 3 Cir. 3/9/05), 897 So.2d 909, 2005 WL 545102, i.e., the constitutionality of the Louisiana Medical Malpractice Act, La.R.S. 40:1299.41, et seq.
Accordingly, for the reasons set forth in Taylor v. Clement, 04-1069 (La.App. 3 Cir. 3/9/05), 897 So.2d 909, 2005 WL 545102, this court does herewith apply to the Honorable, the Supreme Court of Louisiana, for instructions on the question of law arising in the above-captioned proceeding, i.e., is the limitation on recovery for damages of $500,000.00 imposed by the Louisiana Medical Malpractice Act, La.R.S. 40:1299.41, et seq., still considered constitutional?
Costs of this appeal shall be paid by appellants, Susan, Joelle and Laura Arrington.
QUESTION CERTIFIED TO THE LOUISIANA SUPREME COURT.
COOKS, J., dissents and assigns written reasons.
COOKS, J., dissents for the reasons assigned in 04-1069, Charles Ray Taylor, Jr., et al. v. Richard J. Clement, M.D., LPCF.