897 So.2d 909 (2005)
Charles Ray TAYLOR, Jr., et al.
v.
Richard J. CLEMENT, M.D., LPCF.
No. 04-1069.
Court of Appeal of Louisiana, Third Circuit.
March 9, 2005.
Oliver Jackson Schrumpf, Schrumpf & Schrumpf, Sulphur, LA, for Plaintiffs/Appellants, Charles Ray Taylor, Jr. & Sharon Taylor.
Michael Keith Prudhomme, Lundy & Davis, Lake Charles, LA, for Intervenor/Appellee, Louisiana Patient's Compensation Fund.
Court composed of SYLVIA R. COOKS, ELIZABETH A. PICKETT, and BILLY HOWARD EZELL, Judges.
PICKETT, Judge.
Plaintiffs, Charles and Sharon Taylor, appeal a judgment of the trial court denying their motion for summary judgment seeking to have the limitations on recovery for damages imposed by the Louisiana Medical Malpractice Act, La.R.S. 40:1299.41, et seq., declared unconstitutional and granting the motion for summary judgment filed by defendant, the Louisiana Patient's Compensation Fund, upholding the constitutionality of the limitation on recovery or "cap" provisions of the act.

FACTS
The procedural history of the case was set out by the trial judge in his written reasons for judgment as follows:
On June 22, 2001 following a trial on the merits there was a Judgment in favor of MR. and MRS. TAYLOR awarding damages in excess of the statutory limits on liability found in L.R.S. 40:1299.42. On April 23, 2003 the TAYLORS and the LOUISIANA PATIENT COMPENSATION FUND (THE FUND) entered into a partial discharge in satisfaction of said Judgment with the TAYLORS reserving their rights to challenge the constitutionality of The Act. Throughout these proceedings, the TAYLORS have reserved their right to contest the constitutionally of the limits of liability set forth in The Act or applicability to these facts.
Those issues were fixed for trial in this Court on November 24, 2003. THE FUND intervened in this action September 23, 2003. On August 21,2003 the TAYLORS filed a Second Supplemental and Amending Petition amending the previously filed petition to more specifically set out the constitutional grounds on which "the cap" on recovery was challenged. Subsequently, a Third Supplemental and Amending Petition was filed on October 6, 2003 to spell out with more specificity the constitutional grounds on which "the cap" on recovery was challenged.
The limitation of liability or "cap" is found in La.R.S. 40:1299.42(B), which states:
(1) The total amount recoverable for all malpractice claims for injuries to or death of a patient, exclusive of future medical care and related benefits as provided in R.S. 40:1299.43, shall not exceed five hundred thousand dollars plus interest and cost.

*910 (2) A health care provider qualified under this Part is not liable for an amount in excess of one hundred thousand dollars plus interest thereon accruing after April 1, 1991, for all malpractice claims because of injuries to or death of any one patient.
(3)(a) Any amount due from a judgment or settlement or from a final award in an arbitration proceeding which is in excess of the total liability of all liable health care providers, as provided in Paragraph (2) of this Subsection, shall be paid from the patient's compensation fund pursuant to the provisions of R.S. 40:1299.44(C).
(b) The total amounts paid in accordance with Paragraphs (2) and (3) of this Subsection shall not exceed the limitation as provided in Paragraph (1) of this Subsection.
After considering the issues raised by plaintiffs, the counter-arguments of defendants, the law and jurisprudence, the trial judge upheld the constitutionality of "the cap" and issued judgment accordingly. This appeal followed.

LAW AND DISCUSSION
The Louisiana Constitution, Article V, Section 11 states: "A court of appeal may certify any question of law before it to the supreme court, and the supreme court then may give its binding instruction or decide the case upon the whole record."
Additionally, La.R.S. 13:4449 provides the following:
In any case pending before the courts of appeal in which the judges thereof may desire the instructions or opinion of the Supreme Court on any question of law arising therein, the judges of the intermediate appellate court shall submit to the Supreme Court, a clear and concise statement in writing signed by them of the points or propositions of law concerning which the opinion of the court is desired and solicited. Should the Supreme Court deem an examination of the records necessary to a proper decision of the question of law so certified and submitted to it, the judges of the court of appeals, on receipt of a written request therefor, shall forward the original record to the clerk of the Supreme Court for the latter's consideration. Thereupon the Supreme Court may give its opinion on the points or propositions of law so submitted, which opinion, with the original record, shall be transmitted by the clerk of the Supreme Court to the court of appeals. The Supreme Court's opinion shall be binding on the judges of the court of appeal, and they shall proceed to determine and dispose of the cause in conformity with the principles stated therein.
Accordingly, as authorized by Section 11 of Article V of the Louisiana Constitution of 1974, and by La.R.S. 13:4449, and in compliance with Rule XI, Section 1, of the Louisiana Supreme Court, this court does herewith apply to the Honorable, the Supreme Court of Louisiana for instructions on the question of law arising in the above-captioned proceeding. In doing so, we note the thoughts of one of our civilian scholars, the late Justice Albert Tate, Jr.
Our basically civilian tradition has been partly overlaid and replaced by Anglo-American common law.... Today, despite the renewed importance of the civilian sources of our substantive law, there is little support in the Louisiana bench and bar for civilian theory that the role of the judges is to decide cases only, leaving doctrinal development to the scholarly writers....
The Louisiana judge, like his common-law brother, is a law-announcer as well as a case-decider....

*911 As with the common-law judge, he views himself not merely as a technician but also as a scholar, law-maker and exponent of doctrine. However, as with a modern day civilian judge, he is essentially more free than his common law counterpart from the mechanical effects of "binding" precedent; he has the freedom to return, independent of intervening judicial precedents, to the initial legislative concepts and use creative analogies and constructs based upon them; or, in the absence of legislation expressly intended to apply, he is free to devise socially just and sound rules to regulate the unprovided-for case.
Justice Tate noted that even in other states, a judge is less bound by precedent when deciding an issue of constitutional, rather than jurisdictional or statutory law.
C.A. Marvin, Dissents in Louisiana: Civility Among Civilians, 58 La.L.Rev. 975, 977 (1998) (footnote omitted) (alteration in original).
We would urge the adoption of Justice Dennis' dissent in Butler v. Flint Goodrich Hosp., 607 So.2d 517 (La.1992), cert. denied, 508 U.S. 909, 113 S.Ct. 2338, 124 L.Ed.2d 249 (1993) in deciding the issue presented relative to the statute being attacked as it relates to "adequate remedy." Our constitution requires an "adequate remedy," and we as civilian jurist are called to be law-announcers as well as case-deciders.
We request the instructions or opinion of the Supreme Court on the following question:
Considering the devaluation of the dollar in the thirty years since the passage of the medical malpractice act is such that the $500,000.00 limit imposed in 1975 is now, according to competent evidence, worth only $160,000.00, and considering that Section 22 of Article I of the Louisiana Constitution of 1974 provides Louisiana citizens with an "adequate remedy" under our law, is the limitation on recovery for general damages of $500,000.00 imposed by the Louisiana Medical Malpractice Act, La.R.S. 40:1299.41, et seq., still considered constitutional?
Costs of this appeal shall be paid by appellants, Charles and Sharon Taylor.
QUESTION CERTIFIED TO THE LOUISIANA SUPREME COURT.
COOKS, J., dissents and assigns written reasons.
COOKS, J., dissents.
I would answer the question certified by the majority, remembering in this difficult situation, "fiat Justicia ruat coelom  Let justice be done though the Heavens may fall."[1]
NOTES
[1] Judge James Edwin Horton quoted in John Templeton Graves, II, The Fighting South, 208-09 (1943).