# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 04-1069

**CHARLES RAY TAYLOR, JR., ET AL.**

**VERSUS**

**RICHARD J. CLEMENT, M.D., LPCF**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 99-191
HONORABLE J. DAVID PAINTER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*
## ELIZABETH A. PICKETT
## JUDGE
\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Oswald A. Decuir, Elizabeth A. Pickett, Billy Howard Ezell, and James T. Genovese, Judges.

**REVERSED AND REMANDED.**

**Cooks, Judge, dissents with written reasons.**
**Decuir, Judge, dissents for reasons assigned by Cooks, Judge.**
**Ezell, Judge, concurs with written reasons.**
**Genovese, Judge, concurs in the result.**

**Oliver Jackson Schrumpf**
**Schrumpf & Schrumpf**
**3801 Maplewood Dr.**
**Sulphur, LA 70663**
**Counsel for Plaintiffs/Appellants:**
        **Charles Ray Taylor, Jr. &**
        **Sharon Taylor**

**Michael Keith Prudhomme**
**Lundy & Davis**
**P. O. Box 3010**
**Lake Charles, LA 70602**
**Counsel for Intervenor/Appellee:**
        **Louisiana Patient's Compensation Fund**

PICKETT, Judge.

## HISTORY

This case was previously before the court. *Taylor v. Clement*, 04-1069 (La.App. 3 Cir. 3/9/05), 897 So.2d 909. At that time we applied to the Supreme Court of Louisiana for instructions on the following question of law arising in the proceeding:

> Considering the devaluation of the dollar in the thirty years since the passage of the medical malpractice act is such that the $500,000.00 limit imposed in 1975 is now, according to competent evidence, worth only $160,000.00, and considering that Section 22 of Article I of the Louisiana Constitution of 1974 provides Louisiana citizens with an "adequate remedy" under our law, is the limitation on recovery for general damages of $500,000.00 imposed by the Louisiana Medical Malpractice Act, La.R.S. 40:1299.41, et seq., still considered constitutional?

*Id.* at 911.

The Louisiana Supreme Court denied our request for certification. *Taylor v. Clement*, 05-1057 (La. 6/17/05), 904 So.2d 708, and remanded the case so that we could consider the plaintiffs' appeal.

## APPEAL

The plaintiffs, Charles and Sharon Taylor, appeal a judgment of the trial court denying their motion for summary judgment seeking to have the limitations on recovery for damages imposed by the Louisiana Medical Malpractice Act, La.R.S. 40:1299.41, et seq., declared unconstitutional and granting the motion for summary judgment filed by the defendant, the Louisiana Patient's Compensation Fund, upholding the constitutionality of the limitation on recovery or "cap" provisions of the act.

1

# FACTS

The procedural history of the case was set out by the trial judge in his written reasons for judgment as follows:

On June 22, 2001 following a trial on the merits there was a Judgment in favor of MR. and MRS. TAYLOR awarding damages in excess of the statutory limits on liability found in L.R.S. 40:1299.42. On April 23, 2003 the TAYLORS and the LOUISIANA PATIENT COMPENSATION FUND (THE FUND) entered into a partial discharge in satisfaction of said Judgment with the TAYLORS reserving their rights to challenge the constitutionality of The Act. Throughout these proceedings, the TAYLORS have reserved their right to contest the constitutionally of the limits of liability set forth in The Act or applicability to these facts.

Those issues were fixed for trial in this Court on November 24, 2003. THE FUND intervened in this action September 23, 2003. On August 21, 2003 the TAYLORS filed a Second Supplemental and Amending Petition amending the previously filed petition to more specifically set out the constitutional grounds on which "the cap" on recovery was challenged. Subsequently, a Third Supplemental and Amending Petition was filed on October 6, 2003 to spell out with more specificity the constitutional grounds on which "the cap" on recovery was challenged.

The limitation of liability or "cap" is found in La.R.S. 40:1299.42(B), which states:

(1) The total amount recoverable for all malpractice claims for injuries to or death of a patient, exclusive of future medical care and related benefits as provided in R.S. 40:1299.43, shall not exceed five hundred thousand dollars plus interest and cost.

(2) A health care provider qualified under this Part is not liable for an amount in excess of one hundred thousand dollars plus interest thereon accruing after April 1, 1991, for all malpractice claims because of injuries to or death of any one patient.

(3)(a) Any amount due from a judgment or settlement or from a final award in an arbitration proceeding which is in excess of the total liability of all liable health care providers, as provided in Paragraph (2) of this Subsection, shall be paid from the patient's compensation fund pursuant to the provisions of R.S. 40:1299.44(C).

2

(b) The total amounts paid in accordance with Paragraphs (2) and (3) of this Subsection shall not exceed the limitation as provided in Paragraph (1) of this Subsection.

After considering the issues raised by the plaintiffs, the counter-arguments of the defendants, and the law and jurisprudence, the trial judge upheld the constitutionality of "the cap" and issued judgment accordingly. This appeal followed.

## LAW AND DISCUSSION

Although couched as several different assignments of error, the sole issue raised in this appeal is the same issue raised in *Arrington v. ER Physicians Group, APMC*, 04-1235 (La.App. 3 Cir. __/__/06), ___ So.2d ___, the constitutionality of the Louisiana Medical Malpractice Act, La.R.S. 40:1299.41, et seq.

Accordingly, for the reasons set forth in *Arrington v. ER Physicians Group, APMC*, 04-1235 (La.App. 3 Cir. __/__/06), ___ So.2d ___, the judgment of the trial court is reversed and set aside; judgment is entered in favor of the plaintiffs, Charles and Sharon Taylor, granting their motion for summary judgment and finding the $500,000.00 cap on medical malpractice damages unconstitutional as failing to provide the plaintiffs an "adequate remedy" as guaranteed under the provisions of La.Const. art. 1, § 22. The case is remanded to the trial court for the consideration of what constitutes adequate damages in this case. All costs of this appeal are assessed against the defendant, the Louisiana Patient's Compensation Fund.

**REVERSED AND REMANDED.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

04-1069


CHARLES RAY TAYLOR

VERSUS

RICHARD J. CLEMENT, M.D.


**COOKS, J., dissents.**

I respectfully dissent  for the reasons assigned in 04-1235; *Arrington v. ER Physicians Group, APMC, et al.*

NO. 04-1235

THIRD CIRCUIT COURT OF APPEAL

STATE OF LOUISIANA

SUSAN ARRINGTON

VERSUS

ER PHYSICIANS GROUP, APMC, ET AL


EZELL, J. Concurs.

I concur with Judge Pickett's opinion but would find that the Louisiana Medical Malpractice Act, La.R.S. 40:1299.41, *et seq*., is unconstitutional on other grounds as well. Equal Protection is not afforded those who have injuries that exceed the damages cap. The statute creates classes of victims that are not equally compensated for their damages. Those who have damages that fall within the cap are compensated completely. Those who have damages that exceed the cap are not completely compensated, thus creating one of many sub-classes of claimants.

The purpose stated by the legislature for the enactment of this statute was to reduce or hold the line on increases in insurance premiums and rising health care cost in our state. If this was the goal, the legislature has failed to achieve this goal. The best way to deal with the problem of increasing insurance premiums is to correct the acts that cause the negligent acts. We should not shield negligent health care providers from their negligent acts. Capping damages diminishes the deterrent effect of tort law.

In reviewing the record, the statute being attacked as unconstitutional I can find no rational basis for the enactment of this statute other than the protection of a very limited segment of society at the expense of the most grievously injured claimant. The most affected group of claimants are young people. This is due to the fact that they will endure these injuries for a substantial portion of their lives. We recognize the fact that the legislature can regulate our economy, but it is not right to shift the economic burden of medical malpractice from insurance companies and negligent health care providers to a small group of injured patients.

There is no recovery set forth in the statute for provable economic damages which are allowed in every tort action other than one filed under this statute. Here again a young claimant is asked to carry the load for the insurance and negligent health care provider, in that, they will not receive what they are due if they have provable economic damages that exceed the cap. This case is an example of this injustice.

There is a false assertion that the tort system is "broken" or in need of repair. If we assume that this assertion is right, the cap imposed to fix the system is at the expense of those most seriously injured. This is neither fair nor equitable.

I can find no rational relationship existing between the classification of victims in the $500,000 cap on non-economic damages and the legislative objective of compensating victims of medical malpractice fairly. Another objective of the legislature, as we previously stated, was to lower malpractice insurance premiums. The facts as presented in this case, clearly show that the cap adopted by the legislature is arbitrary and unreasonable in that it has no relationship to the lowering of medial malpractice insurance premiums. If there was a crisis when the legislation was passed, which has not been shown by the State, that alone would not render the law valid forever.

I agree with those courts that have found that there is little, if any, correlation between caps on non-economic damages and the redirecting of medical malpractice premiums or overall health care costs. The evidence of studies done in reference to the malpractice caps, which are part of this record, indicate that caps on non-economical damages do not affect doctors' migration. The non-partisan United States General Accounting Office concluded that doctors do not appear to leave or enter states to practice medicine based on caps on non-economic damages in medical malpractice actions.

Studies reviewing the facts of practicing defensive medicine simply show that it is very hard to measure that cost and even harder to measure when trying to determine the effect it would have on insurance premiums. I recognize that it is well-settled law that courts should presuppose that the legislative judgment is sound and try to support the legislative act. This act is so flawed with speculation and void of any quid pro quo that I have difficulty finding a connection between the means and ends.

I cannot find any objective basis for the enactment of this legislation.