947 So.2d 721 (2007)
Charles and Sharon TAYLOR, Jr.
v.
Dr. Richard J. CLEMENT and The Louisiana Patient's Compensation Fund.
No. 2006-C-2518.
Supreme Court of Louisiana.
February 2, 2007.
*722 PER CURIAM.
In these consolidated applications, the parties seek this court's review of a judgment of the court of appeal which declared La. R.S. 40:1299.42(B) to be unconstitutional pursuant to La. Const. Art. I, § 22. For the reasons that follow, we grant the writs, vacate the court of appeal's judgment of unconstitutionality on procedural grounds and remand the case to the court of appeal for consideration of the remaining issues in the case.

UNDERLYING FACTS AND PROCEDURAL HISTORY
Plaintiffs, Mr. and Mrs. Charles Ray Taylor, Jr., individually and on behalf of their minor child, Charles Ray Taylor III, filed the instant medical malpractice suit against numerous defendants, including Dr. Richard Clement. Thereafter, plaintiffs filed a supplemental petition seeking a declaratory judgment on the ground that the statutory cap on damages set forth in La. R.S. 40:1299.42(B)[1] of the Medical Malpractice Act is unconstitutional.
Following a trial on the merits, a jury rendered judgment in favor of plaintiffs and awarded damages in excess of the statutory limits of liability contained in La. R.S. 40:1299.42(B). Subsequently, plaintiffs and the Louisiana Patient's Compensation Fund ("PCF") entered into a partial discharge in satisfaction of the judgment with plaintiffs reserving their right to challenge the constitutionality of the medical *723 malpractice cap. The PCF then intervened in the action.
Thereafter, plaintiffs filed a supplemental and amending petition in order to more specifically set forth the grounds on which La. R.S. 40:1299.42(B) was unconstitutional. Among other grounds, this supplemental and amending petition asserted that the statute was "violative of Article I, section 22, open courts provision, and right to an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay."
Defendants, Dr. Clement and PCF, filed a motion for summary judgment, seeking a declaration that La. R.S. 40:1299.42(B) was constitutional. Plaintiffs also filed a motion for summary judgment, arguing that La. R.S. 40:1299.42(B) was unconstitutional pursuant to La. Const. Art. V, § 15 pertaining to the original jurisdiction of the district court; La. Const. Art. III, § 1 pertaining to separation of powers; La. Const. Art. I, § 2 pertaining to due process guarantees; and La. Const. Art. III, § 12(3) and (7) pertaining to the enactment of local and special laws. Plaintiffs' motion did not allege the statute violated La. Const. Art. I, § 22.
After a hearing, the district court denied plaintiffs' motion for summary judgment, but granted defendants' motion for summary judgment, thereby finding that La. R.S. 40:1299.42(B) was constitutional. Nothing in the trial court's ruling discussed La. Const. Art. I, § 22.
Plaintiffs appealed this ruling. A five-judge panel of the court of appeal, over two dissents, reversed the district court's judgment. The majority granted summary judgment in favor of plaintiffs, finding "the $500,000 cap on medical malpractice damages unconstitutional as failing to provide the plaintiffs an `adequate remedy' as guaranteed under the provisions of La. Const. Art. I, § 22."
From that judgment, Dr. Clement and the PCF applied to this court, seeking to reverse the court of appeal's holding. Plaintiffs also applied, requesting that this court consider additional grounds for declaring La. R.S. 40:1299.42(B) unconstitutional.

DISCUSSION
It is well-established that litigants must raise constitutional challenges in the trial court rather than in the appellate courts, and that the constitutional challenge must be specially pleaded and the grounds for the claim particularized. Mallard Bay Drilling v. Kennedy, 04-1089 (La.6/29/05), 914 So.2d 533; Unwired Telecom Corp. v. Parish of Calcasieu, 03-0732, p. 6 (La.1/19/05), 903 So.2d 392 (on rehearing). We have emphasized that the grounds for unconstitutionality must be "made an issue in the court of first instance." State ex rel. McAvoy v. Louisiana State Bd. of Medical Examiners, 238 La. 502, 115 So.2d 833, 836 (1959). In Vallo v. Gayle Oil Company, Inc., 94-1238, p. 9 (La.11/30/94), 646 So.2d 859, 865, we explained that the purpose of this requirement was to allow the parties to brief and argue the issue at a contradictory hearing in order to make a full record for this court's review:
The requirement of specially pleading the unconstitutionality of a statute in pleadings implies that this notable issue will receive a contradictory hearing, wherein all parties will be afforded the opportunity to brief and argue the issue. Cf. LSA-C.C.P. arts. 929, 963, 966, 1038, 1871. The record of the proceeding could then be reviewed to determine whether the party attacking the statute sustained his or her burden of proof, and whether the trial court attempted to construe the statute so as to preserve its constitutionality. See Moore v. Roemer, *724 567 So.2d 75, 78 (La.1990); Board of Directors of the Louisiana Recovery Dist. v. All Taxpayers, Property Owners and Citizens of the State of Louisiana, 529 So.2d 384, 387-388 (La.1988).
In the instant case, plaintiffs plead La. Const. Art. I, § 22 as a ground for unconstitutionality, but did not rely on this ground in their motion for summary judgment. The question of whether La. R.S. 40:1299.42(B) violated La. Const. Art. I, § 22 was never briefed and argued before the district court, nor was that issue passed upon by the district court in its ruling denying plaintiffs' motion for summary judgment.
Under these circumstances, we must conclude that any purported violation of La. Const. Art. I, § 22 was not made an issue in the district court. In the absence of initial consideration of this ground by the district court, the court of appeal erred in declaring La. R.S. 40:1299.42(B) to be unconstitutional in violation of La. Const. Art. I, § 22.
Accordingly, we must vacate the judgment of the court of appeal declaring La. R.S. 40:1299.42(B) to be unconstitutional in violation of La. Const. Art. I, § 22. Because the court of appeal pretermitted the remaining issues in the appeal, we will remand the matter to the court of appeal for consideration of these matters.[2]

DECREE
For the reasons assigned, the writs are granted. The judgment of the court of appeal declaring La. R.S. 40:1299.42(B) to be unconstitutional in violation of La. Const. Art. I, § 22 is vacated and set aside. The case is remanded to the court of appeal to consider the remaining issues in the appeal.
CALOGERO, C.J., would grant and docket.
NOTES
[1] La. R.S. 40:1299.42(B)(1) and (2) provides:

B. (1) The total amount recoverable for all malpractice claims for injuries to or death of a patient, exclusive of future medical care and related benefits as provided in R.S. 40:1299.43, shall not exceed five hundred thousand dollars plus interest and cost.
(2) A health care provider qualified under this Part is not liable for an amount in excess of one hundred thousand dollars plus interest thereon accruing after April 1, 1991, for all malpractice claims because of injuries to or death of any one patient.
[2] Plaintiffs ask us to exercise our discretionary jurisdiction to consider whether the statute violates any other constitutional provisions. We decline to do so.