**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**12-995 consolidated with 12-996**

SUSAN ARRINGTON, ETC.

VERSUS

ER PHYSICIAN GROUP, INC., ET AL.

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 1997-4329 C/W 1999-191
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**MARC T. AMY
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Marc T. Amy, Judges.

**AFFIRMED. MOTION FOR EN BANC HEARING DENIED.**

**Thibodeaux, Chief Judge, specially concurs.**

**Stephen M. Pizzo**
**3421 N. Causeway Boulevard, Suite 900**
**Metairie, LA 70002**
**(504) 831-4091**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Galen-Med, Inc.**

**J. Elliott Baker**
**Special Assistant Attorney General**
**321 N. Vermont Street, Suite 208**
**Covington, LA 70433**
**(985) 867-9068**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **State of Louisiana**
     **Galen-Med, Inc.**

**Nadia de la Houssaye**
**Jones, Walker, Waechter, Poitevent,**
**Carrère & Denègre, L.L.P.**
**Post Office Drawer 3408**
**Lafayette, LA 70502-3408**
**(337) 593-7600**
**COUNSEL FOR INTERVENOR/APPELLEE:**
      **Louisiana Patient's Compensation Fund**

**Oliver Jackson Schrumpf**
**Schrumpf & Schrumpf**
**3801 Maplewood Drive**
**Sulphur, LA 70663**
**(337) 625-9077**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
      **Susan Arrington**
      **Laura Jo Arrington**
      **Joelle Lorene Arrington**
      **Sharon Taylor**
      **Charles Taylor, Jr.**

**AMY, Judge.**

The plaintiffs in these consolidated cases question whether the trial court correctly resolved their claims regarding the constitutionality of La.R.S. 40:1299.42(B) upon remand by the Louisiana Supreme Court. *See Arrington v. Galen-Med, Inc.*, 12-0908 (La. 5/22/12), 89 So.3d 1159. For the following reasons, we affirm. We further deny the plaintiffs' motion for en banc consideration of the appeals.

### Factual and Procedural Background

These medical malpractice matters have a lengthy procedural history and have previously been considered by this court as well as the Louisiana Supreme Court for consideration of various issues. *See, e.g., Arrington v. ER Physicians Group,* 04-1235 (La.App. 3 Cir. 9/27/06), 940 So.2d 777; *Arrington v. Galen-Med, Inc.*, 06-2923, 06-2944, 06-2968 (La. 2/2/07), 947 So.2d 719, 724, 727; *Taylor v. Clement,* 04-1069 (La.App. 3 Cir. 9/27/06), 940 So.2d 796; and *Taylor v. Clement*, 06-2518, 06-2600, 06-2581 (La. 2/2/07), 947 So.2d 721, 730, 732. At issue here is the plaintiffs' assertion that the Medical Malpractice Act's limitation of recovery, i.e., the "cap," contained within La.R.S. 40:1299.42(B)[1] is unconstitutional.

---

[1] The statute presently provides:

> B. (1) The total amount recoverable for all malpractice claims for injuries to or death of a patient, exclusive of future medical care and related benefits as provided in R.S. 40:1299.43, shall not exceed five hundred thousand dollars plus interest and cost.

> (2) A health care provider qualified under this Part is not liable for an amount in excess of one hundred thousand dollars plus interest thereon accruing after April 1, 1991, and costs specifically provided for by this Paragraph for all malpractice claims because of injuries to or death of any one patient. The sole cost for which a health care provider qualified under this Part may be assessed by a trial court shall be limited to the cost incurred prior to the rendering of a final judgment against the health care provider, not as a nominal defendant, after a trial on a malpractice claim, including but not limited to, costs assessed pursuant to Code of Civil Procedure Article 970 in any instance where the board was not the offeror or offeree of the proposed settlement amount. The health care provider shall not be assessed costs in any action in which the fund intervenes or the health care provider is a nominal defendant after there has been a settlement between the health care provider and the claimant.

Pursuant to *Sibley v. Board of Supervisors of Louisiana State University*, 477 So.2d 1094 (La.1985) (on rehearing), the trial court conducted an April 2011 evidentiary hearing in order to consider the constitutional challenges posed by the cases, now consolidated.[2] The trial court determined that La.R.S. 40:1299.47(B) was unconstitutional "as violative of the equal protection and adequate remedy guarantees of the Louisiana constitution." In its reasons for ruling, the trial court relied on a then-recently released opinion of this court in *Oliver v. Magnolia Clinic*, 09-439, p. 36 (La.App. 3 Cir. 8/31/11), 71 So.3d 1170, 1192 (wherein a majority of the en banc court concluded that the cap of La.R.S. 40:1299.42(B) was unconstitutional "to the extent it includes nurse practitioners within its ambit, [and] violates the equal protection and adequate remedy guarantees of the Louisiana Constitution and La.R.S. 40:1299.41(A)(1)[.]" ).

However, subsequent to the trial court's ruling in the present matter, the Louisiana Supreme Court reversed that aspect of the Third Circuit's ruling finding the malpractice cap unconstitutional. *See Oliver v. Magnolia Clinic*, 11-2132 (La. 3/13/12), 85 So.3d 39. In doing so, the Louisiana Supreme Court relied upon the reasons it previously expressed in *Butler v. Flint Goodrich Hosp. of Dillard Univ.*, 607 So.2d 517 (La.1992), *cert. denied*, 508 U.S. 909, 113 S.Ct. 2338 (1993), and declared that "the MMA's cap described in La.R.S. 40:1299.42(B) is constitutional as it applies to all qualified health care providers, including nurse practitioners." *Oliver*,

---

(3)(a) Any amount due from a judgment or settlement or from a final award in an arbitration proceeding which is in excess of the total liability of all liable health care providers, as provided in Paragraph (2) of this Subsection, shall be paid from the patient's compensation fund pursuant to the provisions of R.S. 40:1299.44(C).

(b) The total amounts paid in accordance with Paragraphs (2) and (3) of this Subsection shall not exceed the limitation as provided in Paragraph (1) of this Subsection.

[2] For decretal information in the consolidated case, see the companion ruling in *Charles Taylor, Jr. v. Dr. Richard Clement*, 12-996 (La.App. 3 Cir. _/_/13), _ So.3d _.

85 So.3d at 50. The supreme court reinstated the underlying trial court judgment in full. *Id.*

Following the trial court's ruling in the present matter, the defendants sought direct review from the supreme court pursuant to La.Const. art. 5, § 5(D).[3] *See Arrington v. Galen-Med, Inc.*, 12-0908 (La. 5/22/12), 89 So.3d 1159. In a per curiam opinion, the supreme court stated:

> Pretermitting the merits, we find that at the time the district court rendered its judgment, it did not have the benefit of our recent opinion in *Oliver v. Magnolia Clinic*, 11-2132 (La. 3/13/12), 85 So.3d 39. In *Oliver*, we reinstated our holding in *Butler v. Flint Goodrich Hospital*, 607 So.2d 517 (La.1992), *cert. denied*, 508 U.S. 909, 113 S.Ct. 2338, 124 L.Ed.2d 249 (1993), and recognized the malpractice cap was constitutional.
>
> Accordingly, the judgment of the district court is vacated and set aside. The case is remanded to the district court to reconsider its ruling in light of *Oliver v. Magnolia Clinic*, 11-2132 (La. 3/13/12), 85 So.3d 39.

*Id.*

On remand, the trial court issued the following reasons in a June 2012 ruling:

> This matter returns to this Court following the May 22, 2012 Per Curiam ruling of the Louisiana Supreme Court vacating this Court's judgment of September 16, 2011 and directing this Court to reconsider its ruling in light of *Oliver v. Magnolia Clinic*, 11-2132 (La.3/13/12), [85 So.3d 39]. *Oliver* is crystal clear in upholding the constitutionality of La.R.S. 40:1299.42(B). Although *Oliver* involves nurse practitioners, the Supreme Court's analysis begins with considering the statute's constitutionality "as applied to any healthcare provider." Thus, the Court maintained the constitutionality of the statute without qualification.
>
> Accordingly, this Court finds La.R.S. 40:1299.42(B) constitutional[.]

The resulting judgment provided that:

---

[3] Article 5, § 5(D) provides that: "In addition to other appeals provided by this constitution, a case shall be appealable to the supreme court if (1) a law or ordinance has been declared unconstitutional or (2) the defendant has been convicted of a capital offense and a penalty of death actually has been imposed."

The above-captioned cases were consolidated to consider challenges to the constitutionality of the limitation provided at La. R.S. 40:1299.42(B). A Sibley II hearing, *Sibley v. Board of Supervisors of L.S.U.*, 477 So.2d 1094 (*on rehearing*) (La. 1985), was held from April 4 through April 7, 2011 before the Honorable District Judge Clayton Davis.

On September 16, 2011, this Court entered Judgment declaring Section 1299.42(B) unconstitutional as violative of La. Const. art. I, §§ 3 and 22. The Court rejected the plaintiffs' challenges based on any other constitutional provisions, including La.Const. art. I, §§ 1, 2, and 4; art. II, §§ 1 and 2; art. III, § 12(A)(3) and (7); and, art. V, § 16.

Appeal was taken directly to the Supreme Court of Louisiana pursuant to La. Const. art. V, §5(D), and on May 22, 2012, the Supreme Court vacated the September 16, 2011 Judgment of this Court and remanded this case for reconsideration of the ruling of unconstitutionality in light of *Oliver v. Magnolia Clinic*, [11-2132 (La. 3/13/12), 85 So.3d 39].

Having reconsidered its ruling of September 16, 2011 in light of the Supreme Court's Opinion in *Oliver v. Magnolia Clinic*, and for the reasons stated in this Court's "Ruling" dated June 4, 2012.

**IT IS HEREBY ADJUDGED AND DECREED** that La.R.S. 40:1299.42(B) is fully constitutional.

The plaintiffs appeal from that judgment and, in their brief to this court, present

the following issues for review:

1.  The Butler majority misunderstood the "cap" and violated basic rules for interpreting the constitution and statutes by failing to consider, apply or interpret the actual language of Art. I., Sec. 22: which grants plaintiffs "adequate damages by due process of law and justice"

2.  The three alleged "benefits" cited in Butler either do not apply in these present cases or have not been challenged and would remain in existence even if the constitution were enforced therefore Butler is distinguishable and does not apply

3.  Multiple constitutional provisions, which should be read in para materia, were not analyzed in Butler or Oliver, but make pre-determination of the adequacy of damages by legislative edict rather than by judicial due process unconstitutional

    a.  Art. I. Sec. 2 Due Process
    b.  Art. I., Sec. 3 Equal Protection
    c.  Art. I., Sec. 22 "Adequate damages by Due process of law and justice"

   d. Art. II, Sec. 1 & 2, Separation of Powers

   e. Art. III., Sec. 12 A. (3) & (7) Limits on Legislative Power

   f. Art. V., Sec. 16 Original Jurisdiction of District Courts

4. Evidence below in the Sibley II hearing shows that there is no rational basis to believe that a statute preventing Courts from exercising their Constitutional power to determine and enforce damages under La. C.C. 2315 will effect [sic] the unfettered power of insurance companies to increase rates; in fact, 37 years of one of the lowest caps in the nation has resulted in Louisiana malpractice rates rising from 25th to 17th highest in in the nation, while Louisiana remains 50th in the nation in health care rankings according to official La. DHH reports, while 64 of 64 parishes remain medically underserved

5. The Court should reject the claims of defendants/intervenors that the provisions of the Medical Malpractice Act are not severable from the "cap" because (a) the Act specifically provides that if any provision or item or application of the act is held invalid, such invalidity shall not effect [sic] other provisions which can be given effect (Sec. 2 of Act 817 of 1975), [Arrington, Vol. 4, p. 924]; and (b) because plaintiffs have not challenged the validity of any other provisions; and defendants did not raise as an affirmative defense, and plaintiffs objected to any attempt to inject that defense at trial; and (c) the evidence shows th[a]t the other provisions of the Act, such as the PCF and Medical Review Panels are well liked by health care providers and provide favorable benefits to health care providers and can function whether or not a cap is in place; and (d) insurers have been prepared to deal with this issue since inception by selling policies for $1 million/$3 million in coverage, carving out the PCF level of liability.

6. Judges and juries that hear the contemporaneous evidence on both sides of the case, are in a better position to evaluate the damages in each individual case than the 1975 legislature is in. The Constitution recognizes this truth and requires "due process". The Court needs to contemplate the difference between legislative power and judicial power.

7. The defendants failed to meet their burden of proof at trial to show a rational basis for placing the entire burden of the "cap" on the most seriously injured or killed victims of malpractice, Sibley II declared the standard and placed the burden on the supporters of the discriminatory legislation. No evidence in <u>Sibley II</u>, <u>Butler</u>, <u>Oliver</u>, <u>Arrington</u>, or <u>Taylor</u> has provided a justification why the burden of caps should be placed upon only the most disadvantaged.

Additionally, the plaintiffs have filed a motion for en banc hearing. Consideration of the motion was referred to the panel on the merits.

**Discussion**

*Louisiana Supreme Court Jurisprudence*

As can be seen from the plaintiffs' issues presented for review, as set forth above, the plaintiffs seemingly focus on the correctness of Louisiana Supreme Court jurisprudence. Namely, the plaintiffs question *Butler*, 607 So.2d 517, and whether the 1992 decision appropriately addressed the question of adequacy of damages and whether it sufficiently considered the difficulties malpractice plaintiffs face in recouping losses.

Given the context of the plaintiffs' arguments, we first observe that it is patently clear that "trial courts and courts of appeal are bound to follow the last expression of law of the Louisiana Supreme Court." *Oliver,* 85 So.2d at 44. Significantly, in *Oliver,* the supreme court determined that the "court of appeal committed error in ruling contrary to *Butler*." *Id.* Having set forth this principle, the supreme court revisited its "reasoning of *Butler* to remind courts of this State of the last expression of law relative to the cap's constitutionality." *Id.* Ultimately, of course, the supreme court reiterated its holding in *Butler. Id.*

Mindful of this pronouncement and of the court of appeal's obligation to follow the direction of the supreme court, we find no merit in the plaintiffs' arguments regarding the rationale of *Butler*.

Neither do we find merit in the plaintiffs' contention that, because of its argued limitations, *Butler* "should have no precedential effect" in the present consolidated matters. For example, the plaintiffs suggest that *Butler* is not controlling in this matter insofar as *Butler* discussed the policy benefits afforded by the Medical Malpractice Act's provision for future medical benefits. They note, however, the instant cases

6

involve injuries that led to the deaths of the patients. Thus, the plaintiffs argue, these cases do not involve consideration of the benefit of the availability of future medical benefits.

In short, we reject the plaintiffs' argument that *Butler* is neither persuasive nor controlling in these matters. Both *Butler* and *Oliver* are broad constitutional statements by the supreme court which included evaluation of a variety of policy considerations attendant to the Medical Malpractice Act. We find no distinction in the present iteration of this case which would suggest a departure from the straightforward pronouncement in those cases. As set forth above, as recently as *Oliver*, 85 So.3d at 44, the supreme court confirmed its ruling in *Butler*, reminding the "courts of this State of the last expression of law relative to the cap's constitutionality." As an intermediate court of appeal, we do not now deviate from that expression.

These assignments lack merit.

*Constitutional Considerations Beyond Equal Protection*

The plaintiffs lodged a multifaceted constitutional argument in the present case. In addition to their arguments regarding the constitutionality of La.Const. art. 1, § 3 and La.Const. art. 1, § 22, the plaintiffs questioned the constitutionality of La.R.S. 40:1299.42(B) in light of: La.Const. art. 1, § 1: La.Const. art. 1, § 2; La.Const. art. 1, § 4; La.Const. art. 2, § 1; La.Const. art. 2, § 2; La.Const. art. 3, § 12(A); and La.Const. art. 5, § 16. Notwithstanding its due process and equal protection determination in its first ruling, the trial court in this case rejected the plaintiffs' remaining constitutional challenges. The trial court reiterated its determination in its judgment on remand, stating that "La.R.S. 40:1299.42(B) is fully constitutional."

In its brief to this court, the plaintiffs again seem to assert that neither *Butler* nor *Oliver* is applicable in this case as the supreme court did not specifically analyze

7

the above designated aspects of the constitutional argument. Admittedly, in *Butler* and, subsequently*,* in *Oliver*, the supreme court squarely focused on due process and equal protection considerations addressed in those cases. However, in both cases, the supreme court ruled in broad constitutional terms, referring to the underlying policy considerations of the Medical Malpractice Act and, in *Butler*, 607 So.2d at 521, stating that: "Overall, the Louisiana Medical Malpractice Act represents a reasonable but imperfect balance between the rights of victims and those of health care providers. *It does not violate the state or federal constitutions.*" (Emphasis added.) Similarly in *Oliver*, 85 So.3d at 45, the supreme court found "the malpractice cap constitutional as it applies to *all* qualified health care providers." Pointedly, the supreme court explained that its "job, as a court tasked with reviewing laws, is to ensure statutes are free of constitutional infirmities. Once satisfied that legislation does not infringe upon constitutional rights, any other perceived infirmity is to be addressed by the legislature."[4] *Id.* at 46.

Given the breadth of the supreme court's pronouncement in its jurisprudence, we find no error in the trial court's rejection of the plaintiffs' constitutional claims in all regards nor in its determination that "La.R.S. 40:1299.42(B) is fully constitutional." Rather, the trial court accurately remarked in its ruling on remand that, in *Oliver*, 85 So.3d 39, the supreme court "maintained the constitutionality of the statute without qualification."

Accordingly, we find that the plaintiffs' claims lack merit.

---

[4] Additionally, we point out that the supreme court reinstated the trial court's judgment in full. Earlier in its opinion, the supreme court reported that the trial court "rejected each of the Olivers' challenges to the cap's constitutionality[.]" *Oliver*, 85 So.3d at 42. Footnote 3 of *Oliver* indicates that:

> The Olivers asserted the statute violated the following provisions of the Louisiana Constitution: Article I, § 2 (due process); Article I, § 3 (equal protection); Article I § 22 (adequate remedy); Article V, § 16 (original jurisdiction of the courts); Article V, § 1 (judicial power); Article II, §§ 1 and 2 (separation of powers); and Article II, § 12(3) and (7) (prohibition against special laws).

*Motion for En Banc Hearing*

Finally, the plaintiffs filed a motion with this court seeking an en banc hearing. Finding such a hearing unnecessary given the clarity of controlling supreme court precedent, we deny the motion.

## DECREE

For the foregoing reasons, the judgment of the trial court, rendered on June 18, 2012 is affirmed. The motion for en banc hearing is denied. All costs of this proceeding are assessed to the plaintiffs-appellants.

**AFFIRMED. MOTION FOR EN BANC HEARING DENIED.**

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-995

SUSAN ARRINGTON, ETC.

VERSUS

ER PHYSICIAN GROUP, INC., ET AL.

(Consolidated With)

## 12-996

CHARLES TAYLOR, JR., ET UX.

VERSUS

DR. RICHARD CLEMENT, ET AL.

**THIBODEAUX, Chief Judge, specially concurring.**

I still maintain my position that the medical malpratice cap is unconstitutional on the bases of equal protection, due process, and separation of powers. However, I must sacrifice my intellectual independence and judicial beliefs to what is the clear pronouncement of the Louisiana Supreme Court in *Oliver v. Magnolia Clinic*, 11-2132 (La. 3/13/12), 85 So.3d 39.