# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-509


**JANICE GOODSON AND CHANTEL CROCHET**

**VERSUS**

**GOAUTO INSURANCE COMPANY, ET. AL.**


\*\*\*\*\*\*\*\*\*\*

ON APPLICATION FOR SUPERVISORY WRITS
FROM THE SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 138824 DIV. F
HONORABLE ANTHONY JUDE SALEME, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**CLAYTON DAVIS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Candyce G. Perret, Jonathan W. Perry, Ledricka J. Thierry and Clayton Davis, Judges.


**WRIT GRANTED; RELIEF DENIED.**


Gremillion, J., dissents and assigns reasons.
Perry, J., dissents for reasons assigned by Gremillion, J.

**Hoai T. Hoang**
**Voorhies & Labbe**
**A Professional Law Corporation**
**700 St. John Street, P.O. Box 3527**
**Lafayette, LA 70502-3527**
**(337) 232-9700**
**hth@volalaw.com**
**COUNSEL FOR DEFENDANT/RELATOR**
    **GoAuto Insurance Company**

**Frank Edward Barber**
**Frank E. Barber, P.L.C.**
**2111 Highway 14**
**New Iberia, LA 70560-8317**
**(337) 357-1234**
**frank@frankbarber.com**
**COUNSEL FOR PLAINTFFS/RESPONDENTS:**
    **Janice Goodson**
    **Chantel Crochet**

**Bradley John Gadel**
**Bradley J. Gadel, APLC**
**728 Jackson Street**
**Alexandria, LA 71301**
**(318) 448-4406**
**brad@bjgaplc.com**
**COUNSEL FOR OTHER RESPONDENT:**
    **Vicki Lirette**

**Katherine P. Martin**
**Porteous, Hainkle & Johnson, LLP**
**200 Beaullieu Blvd, Building 3A**
**Lafayette, LA 70598**
**(337) 291-2440**
**kmartin@phjlaw.com**
**COUNSEL FOR OTHER RESPONDENT:**
    **State Farm Mutual Automobile Insurance Company**

**Will Montz**
**Rabalais, Couvillion & Montz, LLC**
**701 Robley Drive, Suite 210**
**Lafayette, LA 70503**
**(337) 981-0309**
**wmontz@rcm-law.com**
**COUNSEL FOR OTHER RESPONDENT:**
    **Shelter Mutual Insurance Company**

**DAVIS, Judge.**

GoAuto Insurance Company seeks to dismiss Plaintiffs' claims for emotional distress and mental anguish allegedly caused when the vehicle driven by GoAuto's insured struck Plaintiffs' home. For the following reasons, we grant GoAuto's writ application, deny the relief sought by GoAuto, and affirm the trial court's denial of GoAuto's Motion for Summary Judgment.

## FACTUAL AND PROCEDURAL HISTORY

Vickie Lirette drove her vehicle into a house owned by Janice Goodson. GoAuto insured Lirette for vehicle liabilities. Goodson was home at the time of the accident. Her daughter, Chantel Crochet, lived with Goodson but was not home at the time.

Goodson and Crochet sued GoAuto and Lirette alleging that because of the severe damage caused to the home and their burden of having to rebuild it, they suffered emotional distress and mental anguish. GoAuto filed a motion for summary judgment seeking to dismiss Plaintiffs' claims arguing that the policy's coverage for bodily injury did not include damages for emotional distress and mental anguish. The trial court denied GoAuto's motion for summary judgment.

GoAuto asserts this assignment of error:

> The Trial Court erred in denying GOAUTO's Motion for Summary Judgment where the facts are not in dispute and plaintiffs' claims fall under the property damage limits of GOAUTO'S policy, especially considering that the Trial Court found that plaintiffs suffered no bodily injury.

## ANALYSIS

As stated in *Hood v. Sasol Chemicals (USA) LLC*, 23-379, p. 7 (La.App. 3 Cir. 5/1/24), 389 So.3d 881, 886:

> Appellate courts review summary judgments de novo utilizing the same analysis employed by a trial court: do the pleadings,

memoranda, affidavits, depositions, answers to interrogatories, and other documents that may properly be considered demonstrate that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law? La.Code Civ.P. art. 966; *Litel Explorations, L.L.C. v. Aegis Dev. Co., L.L.C.*, 20-373 (La.App. 3 Cir. 11/12/20), 307 So.3d 1087, *writ denied*, 20-1428 (La. 2/9/21), 310 So.3d 184. De novo review is undertaken regardless of whether the matter arises from an appeal or in the exercise of our discretionary jurisdiction. *Id*.

For purposes of argument, we assume GoAuto's policy excludes coverage for emotional injury or mental anguish unless there is also "physical injury." We find, however, that La.R.S. 32:900 compels coverage for these damages. La.R.S. 32:900 dictates that a policy like GoAuto's, "(2) **Shall** insure the person named therein . . . **against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use** of such motor vehicle . . . ." (Emphasis added.)

The use of the term "damages" in the statute provides a broader scope of coverage than "bodily injury" in the policy. "General damages" can mean "mental or physical pain or suffering, inconvenience, loss of gratification or intellectual or physical enjoyment, or other losses of lifestyle …." *Rhodes v. State, Dept. of Transportation,* 94-1758, p. 13 (La.App. 1 Cir. 12/20/96) 684 So.2d 1134, 1144. It does not require direct physical injury to the body like GoAuto's "bodily injury" definition.

The statute uses "bodily injury" to define mandated minimum limits for coverages of $15,000 per person and $30,000 per accident. The terms "damages" and "bodily injury" are not defined in the statute.

We note this language in GoAuto's additional brief:

In this case, Ms. Lirette chose to purchase a policy that provided the minimum **state mandated coverages** and **GoAuto is obligated to pay all damages that fall under the coverages she selected**.

GoAuto Additional brief, p. 2. (Emphasis added.)

2

The issue for this court is the scope of the "state-mandated coverages" regardless of GoAuto's policy language. Coverage under La.R.S. 32:900 must be defined by the legislature, or if left undefined, by the courts. In defining "damages" we do so to provide the broadest protection to victims of negligence, especially when the negligent actor has the least amount of insurance coverage the law allows. Further, we define it to give the broadest possible protection because the "overriding goal of the Louisiana Motor Vehicle Safety Responsibility Law is to provide compensation for persons injured by the operation of an insured vehicle." *Hinchcliffe v. Siaotong*, 17-1356, p. 9 (La.App. 1 Cir. 4/18/18), 393 So.3d 345, 352, *writ denied*, 18-1113 (La. 10/15/18), 253 So.3d 1304.

In this case, assuming Goodson and Crochet can prove damages caused by Lirette's negligence, Lirette will be liable. Lirette's liability arises from her use of a vehicle. Louisiana Revised Statutes 32:900 thus mandates GoAuto's policy provide Lirette protection up to its limits. A motor vehicle liability policy may not contract away coverage otherwise required by La.R.S. 32:900.

An additional reason to uphold the trial court's ruling in this case, at least as to Janice Goodson, is her affidavit submitted in opposition to GoAuto's Motion for Summary Judgment. The affidavit establishes that she suffered physical assault because of the incident. She stated, "I was so close to the impact that I felt the vibration of the whole house and I heard the immense noise from the crash." She also said, "Immediately after the car struck the house, while I was still standing in the house, I smelled smoke from the car burning." These facts establish enough of a "physical" question even under GoAuto's policy to support the trial court's denial of GoAuto's motion.

We conclude that GoAuto's policy exclusion of emotional distress or mental anguish when such damages did not result from a physical injury is not permissible

3

by law and therefore not enforceable. Plaintiffs' alleged damages for emotional distress and mental anguish resulting from the accident are therefore covered by the GoAuto policy up to the stated policy limits.

## DECREE

For the reasons set forth above, we grant GoAuto's writ application. We find no error in the trial court's ruling denying GoAuto's Motion for Summary Judgment. The relief requested by GoAuto is denied. Costs of these proceedings are assessed to GoAuto.

**WRIT GRANTED; RELIEF DENIED.**

JANICE GOODSON, ET AL.

VERSUS

GOAUTO INSURANCE COMPANY, ET AL.

**GREMILLION, J**., dissents.

The subject GoAuto policy covers "bodily injury" requiring "physical injury to the body of a person." It excludes mental or emotional injury, and consequently, the insurer denied coverage to the plaintiffs for such injuries. The majority finds the insurer's denial of coverage was erroneous. However, I must dissent as the supreme court has already found that an insurer can exclude coverage for mental or emotional injury. *See Hebert v. Webre*, 08-60 (La. 5/21/08), 982 So.2d 770.

The majority states the obvious that, "[a] motor vehicle liability policy may not contract away coverage otherwise required by La.R.S 32:900." *Goodson v. GoAuto Ins.Co.*, 24-509 (La.3 Cir. 4/__/25), slip op. at 3." However, the supreme court, despite multiple opportunities to do so, has never found that this statute prohibits an insurer from excluding mental or emotional injury from its definition of bodily injury. Moreover, I find no instance where the high court has even mentioned La.R.S. 32:900 in its analysis of similar language, and the majority certainly cites none.

In *Crabtree v. State Farm Ins. Co.*, 93-509 (La. 2/28/94), 632 So.2d 736, the court did not rely on any statute to determine whether coverage existed for nonphysical injuries, and its decision to leave La.R.S. 32:900 out of the analysis was

explicit, not implicit. Justice Kimball wrote that, "our decision must rest solely on the terms of the insurance contract between the parties," and that "[w]e base our decision on the explicit terms of the insurance policy[.]" *Id*. at 740, 741. Yet, the majority ignores the GoAuto policy completely and renders its decision "regardless of GoAuto's policy language." Notably, the majority does not address *Crabtree*.

Because the policy language is of the utmost importance to the analysis, the majority should have examined the supreme court's findings in similar factual scenarios. While it is true that *Crabtree* found that "mental anguish" constituted "bodily injury" as that term was defined in the policy at issue, it did not find that statutory law mandates that all insurance policies must include mental or emotional injuries under their "bodily injury" definition. In fact, the court actually suggested language that would exclude mental/nonphysical injuries. Specifically, this "more restrictive" definition would limit coverage to "external, physical injuries." *Id.* at 744. It found that appropriate and clear policy language would exclude coverage for mental injuries.

Not surprisingly, subsequent auto policies were altered to modify the definition to include only "physical bodily injury." Then, in *Hebert*, 982 So.2d 770, the supreme court addressed whether the requirement that injuries be "physical" in nature sufficiently distinguished physical from emotional or mental injuries such that mental anguish and emotional injury was clearly and legally excluded from the definition of bodily injury. The court concluded that it did. There is no indication in that opinion that the "physical" requirement in the subject policy ran afoul of La.R.S. 32:900. Rather, it found that the definition of "bodily injury" in the policy was appropriate and effectively excluded mental and emotional injuries. To rule to the contrary defies the last clear expression of the supreme court. *See Oliver v. Magnolia*

2

*Clinic*, 11-2132 (La. 3/13/12), 86 So.3d 39; *Arrington v. ER Physician Group, Inc.*, 12-996 (La.App. 3 Cir. 2/6/13), 110 So.3d 193, *writ denied*, 13-493 (La. 4/12/13), 111 So.3d 1011. Again, the majority does not mention *Hebert*.

In a persuasive opinion, a local United States District Court addressed an extremely similar situation. In *Thiels v. Mahindra USA, Inc.* (W.D. La. 2021) (unpublished opinion) 2021 WL 3131023, the plaintiffs sought coverage for "bodily injury" for mental anguish they allegedly sustained in addition to "property damage." The federal judge wrote:

> The Policy defines "bodily injury" as "*physical* injury, sickness, or disease sustained by a person and, if arising out of the above, mental anguish or death at any time." [Doc. 32-7 p. 31] (emphasis added). Louisiana jurisprudence demonstrates that, where an insurance policy requires an injury that is physical in nature to trigger "bodily injury" coverage, and the claimant has not suffered a physical harm, mental anguish does not constitute bodily injury. See, e.g., *Hebert v. Webre*, 2008-0060, p. 10 (La. 5/21/08); 982 So.2d 770; *Smith v. Thomas*, 51,093, p. 13 (La. App. 2nd Cir. 1/25/17); 214 So.3d 945, 954, writ denied, 2017-0343 (La. 4/7/17); 218 So.3d 112; see also *Grubaugh v. Cent. Progressive Bank, CIV.A*. 13-3045, 2014 WL 793991 (E.D. La. Feb. 27, 2014); *Karle v. Am. Int'l Grp., Inc*., 1:09-CV-01022, 2010 WL 3342289 (W.D. La. Aug. 24, 2010). As the Louisiana Supreme Court noted in *Hebert v. Webre*, an insurance policy's "addition of the word 'physical' is sufficient ... to differentiate a 'bodily injury' sustained in a physical manner ... from an injury which is emotional in nature and, though might have physical consequences, is not a 'physical' bodily injury." 982 So.2d at 777.
>
> Here, the Policy unambiguously limits "bodily injury" coverage to physical injury and provides coverage for mental anguish only where it stems from a physical injury. Because [plaintiffs] have not established that their mental anguish resulted from physical injury, the Policy does not provide coverage for their alleged mental anguish.

I also find that the majority has overreached by defining "bodily injury" in La.R.S. 32:900-a phrase left undefined by the legislature. It cites no authority for its assertion that it "must" do so. By its own terms, the statute only requires coverage for bodily injury and property damage. It does not require that the definitions of

bodily injury include any specific types of injury beyond the "common and approved usage of the language[,]" except to the degree the definition "may have acquired a peculiar and appropriate meaning in the law[.]" La.R.S. 1:3; *see also Breland v. Schilling*, 550 So.2d 609 (La.1989). Therefore, I would not take the novel approach of attempting to define a term left undefined by the legislature. Rather, I would approach the matter the same way the *Hebert* court did-by looking at the policy language. GoAuto's policy clearly and legally excludes from coverage the plaintiff's alleged mental and emotional injuries.

Finally, let me address the "physical question" discussed in the majority opinion. First, Goodson expressly testified that she was not "physically injured." Second, neither plaintiff alleged any physical injuries in their petitions. Third, the trial court expressly found that "there was no physical bodily injury that occurred." Fourth, I find that feeling a vibration, hearing immense noise, and smelling smoke does not create a genuine issue as to whether Goodson suffered physical injuries.

There is binding supreme court jurisprudence counter to the majority opinion, and none that supports it. Accordingly, I respectfully disagree with the majority. I would grant the relief sought, grant GoAuto's Motion for Summary Judgment, and make it peremptory.